**UNITED STATES, Appellee,**

v.

**Charles E. McCULLAH, Jr., Airman
Basic, U. S. Air Force, Appellant.**

No. 38,792.

ACM S24759.

U. S. Court of Military Appeals.

June 29, 1981.

For Appellant: *Captain Douglas H. Kohrt* (argued); *Colonel Larry G. Stephens* (on brief).

For Appellee: *Lieutenant Colonel Bruce R. Houston,* (argued); *Colonel James P. Porter, Major Robert T. Mounts* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge.

Between November 24, 1978, and January 25, 1979, the appellant wrote and uttered 19 checks which were subsequently dishonored. Most of the checks were in the amount of $50.00 and were made payable either to the Korea Area Exchange or to the Seabreeze Open Mess at Kunsan Air Base, where appellant was stationed. A charge was preferred under Article 123a of the Uniform Code of Military Justice, 10 U.S.C. § 923a, with respect to each of these checks. On April 6, 1979, appellant was tried at Kunsan by a special court-martial consisting of military judge alone on the 19 specifications concerning the checks, as well as on charges of failure to go to his place of duty and breach of restriction under Articles 86 and 134, UCMJ, 10 U.S.C. §§ 886 and 934, respectively. He pleaded not guilty to the bad check charges and guilty to the remaining charges.

The evidence as to appellant's guilt was entirely documentary and consisted of stipulations of expected testimony, the bad checks, notices of dishonor of the checks, and bank statements. Appellant offered no evidence in his own behalf.

With respect to the specification based on the first of the checks to be written, the military judge found appellant not guilty under Article 123a, but guilty of the lesser included offense of dishonorably failing to place sufficient funds in the bank to pay that check. Of all remaining charges and specifications the military judge found appellant guilty, and he imposed a sentence of a bad-conduct discharge and confinement at hard labor for 4 months. In turn, this sentence was approved by the convening and supervisory authorities.

Prosecution exhibit 20, received in evidence at the trial, was a notice to appellant that four checks—written by him on December 28 and 29, 1978, and on January 2 and 3, 1979—had been dishonored. By means of this notice, the Government sought to invoke the provision in Article 123a that "unless the maker or drawer pays the holder the amount due within five days

after receiving notice, orally or in writing, that the check, draft, or order was not paid on presentment," this failure "is prima facie evidence of his intent to defraud or deceive and of his knowledge of insufficient funds in, or credit with, that bank or other depository."

In the record where Prosecution Exhibit 20 should appear there is a page which contains only a typed note:

REPORTER'S NOTE: PROSECUTION EXHIBIT 20, WHICH APPARENTLY IS THE FIRST SSF NOTIFICATION LETTER DATED 14 FEB 79, CANNOT BE LOCATED BY THE REPORTER. THERE IS A SECOND SSF NOTIFICATION LETTER ALSO DATED 14 FEB 79 WHICH IS PROSECUTION EXHIBIT 21.

and a handwritten note:

MJ NOTE: I DON'T HAVE IT EITHER. A COPY MAY BE SUBSTITUTED IN RECORD.

By reason of the omission of this exhibit the United States Air Force Court of Military Review concluded that the record of trial "is incomplete" and was unwilling to affirm the findings of guilt on the four specifications concerning the worthless checks to which this notice apparently related. However, the court concluded that it might appropriately approve, as to each specification, the lesser included offense of making and uttering a check and subsequently dishonorably failing to maintain sufficient funds for its payment upon presentment, in violation of Article 134 of the Code. See para. 213f (7), Manual for Courts-Martial, United States, 1969 (Revised edition). Having modified the findings in this way, the Court reassessed the sentence but determined that the sentence imposed by the military judge was appropriate and should be affirmed. *United States v. McCullah*, 8 M.J. 697 (A.F.C.M.R. 1980).

This Court granted (9 M.J. 137) appellant's petition for review on this issue:

WHETHER THE ABSENCE OF PROSECUTION EXHIBIT 20 FROM THE RECORD OF TRIAL HAS RESULTED IN A NONVERBATIM TRANSCRIPT REQUIRING THE ADJUDGED BAD CONDUCT DISCHARGE TO BE SET ASIDE.

■ Article 19, UCMJ, 10 U.S.C. § 819, provides that "[a] bad-conduct discharge may not be adjudged unless a *complete* record of the proceedings and testimony has been made." (Emphasis supplied). A "complete record" is not necessarily a "verbatim record." *United States v. Whitman*, 3 U.S.C.M.A. 179, 181, 11 C.M.R. 179, 181 (1953); *see United States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973). Moreover, the Constitution does not require a verbatim record of a criminal trial. *See United States v. Thompson, supra.* However, subject to three exceptions,[1] the Manual for Courts-Martial requires that the record of a trial by general court-martial contain "a verbatim transcript . . . of all proceedings had in open sessions of the court, all sessions held by the military judge, and hearings held out of the presence of the members." Para. 82b (1), Manual, *supra.* Subject to exceptions not material to the case at hand, "a record of trial by special court-martial in which a bad-conduct discharge is adjudged" must also "contain a verbatim transcript." Para. 83a, Manual, *supra.* Several of our cases have involved noncompliance with the Manual requirement of a "verbatim record." *See, e. g., United States v. Gray*, 7 M.J. 296 (C.M.A. 1979); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). However, as the court below correctly pointed out, the issue here concerns the statutory requirement of completeness under Article 19, rather than the Manual's requirement of the verbatim transcript. *See United States v. Worley*, 44 C.M.R. 498 (A.C.M.R.1971).

■ This Court has explained that "[i]nsubstantial omissions from a record of

1. *See* para. 82b (1), Manual for Courts-Martial, United States, 1969 (Revised edition); *United*

*States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973).

trial do not affect its characterization as a verbatim transcript. *United States v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953)." *United States v. Boxdale, supra* 22 U.S.C.M.A. at 415, 47 C.M.R. at 352. Likewise, "[i]nsubstantial omissions" should not prevent characterizing a record as "complete." However, in the case at hand the omission was substantial. The notice omitted from the record is a document specifically contemplated by the statute under which the appellant was prosecuted to provide "prima facie evidence" of his *mens rea.* Therefore, the record of trial was not "complete" within the meaning of Article 19, and this incompleteness transgressed a fundamental statutory right enjoyed by McCullah.

■ Appellate defense counsel has insisted that, in view of Article 19's requirement of a "complete" record if a bad-conduct discharge is adjudged, no sentence can be upheld here which includes such a discharge. However, this Court's earlier decisions contemplated that even a failure to prepare a "complete" or "verbatim" record may not taint the sentence. For example, *United States v. Boxdale, supra,* refers to a presumption of prejudice which the Government must rebut; and so, by implication, the possibility was left open that under some circumstances the existence of prejudice can be disproved by the Government and a sentence sustained which includes a punitive discharge. Of course, without knowing the details of the evidence which has been omitted from the record of trial, an appellate court usually is unable to decide that the omission was not prejudicial to an appellant. Moreover, since in military criminal law administration the Government bears responsibility for preparing the record of trial, it is fitting that every inference be drawn against the Government with respect to the existence of prejudice because of an omission. *See United States v. Gray, supra.*

■ Although an omission often is entwined inextricably with the entire trial and taints all the findings of guilt, in the case at bar, it is clear beyond any reasonable doubt that the lack of completeness relates only to some—not all—of the charges and specifications. In other situations, we have upheld substantial sentences reassessed on the basis of those findings of guilt which remained after setting aside findings of guilt blemished by errors more serious than omission of an exhibit from the record of trial. We do not believe that the language of Article 19 was intended to compel a different result here. Thus, in the case at hand, the Court of Military Review was free to set aside the tainted findings of guilt on the four specifications to which prosecution exhibit 20 was relevant and then to reassess the sentence on the basis of the remaining findings—even if the reassessed sentence included a punitive discharge.

The court below chose to carry the analysis a step further by approving findings of guilt on the lesser included offense under Article 134. Under some circumstances, such an approach would be permissible. For example, if, after a suitable providence inquiry, the judge had accepted pleas of guilty to these lesser included offenses, omission of the exhibit would not have precluded affirmance of such findings despite the disapproval of the findings under Article 123a.

■ However, in the present case, there was no plea of guilty or judicial confession to the Article 134 offense. Moreover, we cannot conclude beyond reasonable doubt that the omitted exhibit did not concern the lesser included offense. Mere negligence does not suffice to establish guilt of such a transgression; instead, the Government must show that the failure to have the funds available to pay the check was "dishonorable." From notice of dishonor and a continued failure of appellant to pay the checks thereafter, the trier of fact will much more readily infer a "dishonorable" failure to provide the necessary funds. Without such evidence he might have entertained reasonable doubt even as to the Article 134 offense. Indeed, appellant's failure to make his four checks good after learning

that they had not been paid when presented is very persuasive evidence of an Article 134 violation. Accordingly, no finding of guilt can be upheld on the four specifications to which prosecution exhibit 20 related, *i. e.*, specifications 2, 6, 9, and 10 of Charge I.

Even so, to remand the case to the Court of Military Review for reassessment of the sentence would be an exercise in futility. In light of the remaining findings of guilty and the evidence in aggravation, no reduction of sentence would be foreseeable. Therefore, because of the lack of prejudice, we affirm the sentence adjudged and approved below.

The decision of the United States Air Force Court of Military Review is reversed as to specifications 2, 6, 9, and 10 of Charge I; the findings of guilty on those specifications are set aside and those specifications are dismissed; the decision as to the remaining findings of guilty and the sentence is affirmed.

FLETCHER, J., concurs.

COOK, Judge (dissenting in part):

I disagree with the majority's determination that the missing exhibit rendered the record of trial incomplete. The matter was discussed by the staff judge advocate in his post-trial review, and I agree with his analysis. In material part, he said:

The omitted exhibit merely served to invoke the statutory rule of evidence which provides that notice of dishonorment and failure of the accused to pay to the holder the amount due within five days of its receipt is prima facie evidence of his intent to defraud and of his knowledge of insufficient funds in or credit with the bank. Paragraph 202A, *MCM*, 1969 (Rev.Ed.). The drawing of this inference is permissive only and not mandatory. In fact, failure to give the notice only precludes the prosecution from using the rule of evidence, as proof of notice is not an element of the offense. The intent to defraud and knowledge of insufficient funds can be proved by other competent evidence.

The missing notification of dishonorment is adequately described in the record. It was admitted into evidence without objection (R 39). 1Lt Carl T. Bloom correctly identified and fully described the letter of notification. Even absent the document, his statement, "I gave copies of Prosecution Exhibits 20 and 21 to AB McCullah on 15 February 1979," serves as sufficient notice to invoke the statutory rule of evidence described above (App Ex VII). In any event, the facts and circumstances surrounding the specifications in violation of Article 123a prove the required intent and knowledge beyond a reasonable doubt.

.  .  .  .  .

In sum, the omitted exhibit does not affect the record as a verbatim transcript. It is complete as to all material evidence bearing on the issues and is sufficiently complete to allow proper review. The record is verbatim as to all matters affecting the merits of the findings and the sentence. The omission is insubstantial and there has been no prejudice to the substantial rights of the accused.

I would, therefore, affirm the decision of the Court of Military Review in its entirety.