UNITED STATES, Appellee

v.

Sergeant Dante A. CUDINI, Jr., 567–53–2717, United States Army, Appellant.

ACMR 9200141.

U.S. Army Court of Military Review.

24 Nov. 1992.

For Appellant: Captain James M. Heaton, JAGC, Captain Alison L. Becker, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial consisting of officer members. Contrary to his pleas, he was found guilty of three specifications of carnal knowledge, three specifications of sodomy, and one specification of indecent liberties with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1982) [hereinafter UCMJ]. All offenses involved appellant's step-daughter. Appellant was sentenced to a dishonorable discharge, confinement for 15 years, forfeiture of $500.00 pay per month for 180 months, and reduction to Private E1. The convening authority approved the sentence.

Only two of appellant's assertions of error merit discussion. Appellant asserts that failure to include the flyer[1] in the record of trial as an appellate exhibit resulted in a nonverbatim transcript and an incomplete record. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant also asserts that his counsel was ineffective. We disagree and affirm.

■ A complete record of proceedings is required for every general court-martial in which the sentence includes death, a dismissal, a discharge, or any other punishment which exceeds that which may be

_____

1. The flyer is a copy of the charges and specifications alleged against an accused. It is provided to the court members so they can refer to it throughout the trial. It is also called a "flimsy."

adjudged by a special court-martial. UCMJ, art. 54(c)(1)(A), 10 U.S.C. § 854(c)(1)(A). A record of trial in such a case must include a verbatim transcript of all court sessions except sessions closed for deliberations and voting, to include sidebar conferences, arguments of counsel, and rulings and instructions by the military judge. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1103(b)(2)(B). An alleged failure to include an exhibit in a record of trial involves completeness rather than a nonverbatim record. *United States v. McCullah,* 11 M.J. 234, 236 (C.M.A.1981). In any event, a substantial omission from the record of trial raises a presumption of prejudice which the government must rebut. *United States v. Gray,* 7 M.J. 296 (C.M.A.1979). Conversely, an insubstantial omission does not raise the presumption and does not change a record's characterization as complete. *McCullah,* 11 M.J. at 237. It has been held that failure to attach a letter of dishonor in a case involving uttering worthless checks prevented the record from being complete. *Id.* On the other hand, omissions of other exhibits have not been substantial. *United States v. Harper,* 25 M.J. 895 (A.C.M.R.1988) (failure to attach accused's personnel record as an appellate exhibit not a substantial omission); *United States v. Baker,* 21 M.J. 618 (A.C.M.R.1985), *petition denied,* 22 M.J. 89 (C.M.A.1986) (lack of an appellate exhibit of court member's written question was not a substantial omission); *United States v. Burns,* 46 C.M.R. 492 (N.C.M.R.1972) (omission of a defense exhibit, a topographical chart depicting the location of the victim's body, not substantial where location was clearly established by testimony). Of greater importance, this Court has held that failure to attach the flyer as an appellate exhibit was not a substantial omission. *United States v. Johnson,* 33 M.J. 1017 (A.C.M.R.1991).

■ In the case *sub judice,* appellant contends that this Court cannot determine whether the charges and specifications stated in the flyer were in proper form or whether appellant was prejudiced in any way by the flyer. We believe that appellant has the rule backwards. Where the omission is insubstantial, there is no presumption of prejudice. The burden is upon appellant to show specific prejudice. We hold that the failure to attach the flyer as an appellate exhibit is not a substantial omission. We hold that the burden is upon appellant to show specific prejudice and find that he has failed to do so. We hold that the record is complete. The assertion of error is without merit.

■ In an assertion presented pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), appellant states:

Appellant was denied effective assistance of counsel when Captain [T] withdrew as appellant's counsel. Appellant wanted CPT [T] to represent him. CPT [F] and CPT [R] were detailed in the case much later; appellant believes he was prejudiced as a result since they did not have adequate time to prepare. Appellant defense counsel hereby inform the Court that they have complied with the requirements of *United States v. Burdine,* 29 M.J. 834 (A.C.M.R.1989), and appellant declines to submit an affidavit.

The record of trial reflects the following:

ADC: (CPT [T]): Your Honor, the reason why the defense has asked for this 39(a) Session today, is to substitute for myself, ... CPT [R]. I have previously spoken with the defendant in this case, Sergeant Cudini, and he wishes to release me today on the record, and have me replaced by Captain [R].

MJ: Very well. Sergeant Cudini, is that your wish?

ACC: Yes, Your Honor.

MJ: Okay, So, you wish to have Captain [R] substituted for Captain [T] as your assistant defense counsel. Is that correct?

ACC: Yes, Your Honor.

MJ: And your—primary counsel would be Captain [F]. Is that right?

ACC: Correct, Your Honor.

The military judge then excused Captain T from further participation in the case. In an affidavit submitted to this Court, Captain F states, "I had well over a month to prepare for the case which was three-quar-

**574**

ters of the way prepared for trial by Captain [T]. I feel, myself, and Captain [R] had ample time and opportunity to prepare Sergeant Cudini's case for trial." A review of the record of trial supports trial defense counsel's affidavit. We find that appellant released Captain T from representing him at trial. We find the remaining counsel had sufficient time to prepare for trial. Applying the tests set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we hold that counsel was not ineffective.

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.