UNITED STATES, Appellee,

v.

Specialist Daniel G. BEHLING,
362–72–2806, United States
Army, Appellant.

ACMR 9200675.

U.S. Army Court of Military Review.

7 June 1993.

For Appellant: Captain Lawrence W. Andrea, JAGC (argued); Major Robin L. Hall, JAGC (on brief).

For Appellee: Captain John P. Saunders, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O. I. Brown, JAGC (on brief).

Before CREAN, BAKER, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a general court-martial composed of officer members, of aggravated assault and communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1982). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

█ The appellant asserts that his record of trial is not verbatim and, therefore, this Court cannot approve a sentence greater than that which can be adjudged by a special court-martial. We disagree.

The appellant contends that the military judge's instructions on findings to the court members were not transcribed verbatim into the record of trial. In an affidavit, the court reporter explained that he was advised by the military judge to reference by a "reporter's note" in the record of trial that the military judge instructed the members of the court on findings by reading verbatim Appellate Exhibit VII. This twenty-five page exhibit was prepared by the military judge and contained all the instructions, word for word, he intended to read to the court members. The reporter inserted a duplicate copy of Appellate Exhibit VII into the record immediately after the "reporter's note," where he otherwise would have typed a verbatim transcript of the judge's instructions. Subsequently, the trial defense counsel examined and the military judge authenticated the record of trial with neither person noting any omission in the instructions.

At the outset, we note that it is a well-recognized requirement that the record of trial will include a verbatim written transcript of all sessions when, as in this case, a bad-conduct discharge is adjudged. Manual for Courts–Martial, United States,

**638**

1984, Rule for Courts–Martial 1103(b)(2)(B)(ii) [hereinafter R.C.M.]. A verbatim transcription includes all instructions given by the military judge. R.C.M. 1103 discussion.

Before an omission will cause a record of trial to be viewed as not verbatim, the omission must be substantial. *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A.1981). Insubstantial omissions from the record do not affect its characterization as a verbatim transcript. *Id.* at 236. Verbatim does not mean exact word for word accuracy. *See United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (C.M.A.1963); *United States v. Garman*, 11 M.J. 832 (A.F.C.M.R.1981).

We have carefully reviewed the authenticated record of trial, Appellate Exhibit VII, and the affidavit from the court reporter. The written instructions in Appellate Exhibit VII are correct and contain no legal errors. The record of trial indicates that those instructions were read verbatim to the court members by the military judge. Accordingly, we find that the court members received the instructions in Appellate Exhibit VII from the military judge. We further find that the omission of a verbatim transcript of what was read by the military judge was an insubstantial omission from the record of trial. We also find that the appellant suffered no prejudice when the court reporter substituted Appellate Exhibit VII for a verbatim transcript of the instructions. Accordingly, we hold that the record of trial in the instant case is verbatim.

Nevertheless, we strongly recommend that military judges follow the normal practice of having the court reporter transcribe his instructions to the court members verbatim. A substitute procedure, such as the one described above, is a poor short-cut that will undoubtedly cause unnecessary appellate litigation, as demonstrated in this case.

We have carefully considered the other errors raised by the appellant, including those personally raised by him pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find that none warrant relief.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge BAKER concur.