**UNITED STATES, Appellee,**

v.

**First Lieutenant Wayne A. SEAL, 265–99–6303, United States Army, Appellant.**

**ACMR 9201798.**

U.S. Army Court of Military Review.

29 Nov. 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief); Colonel Stephen D. Smith, JAGC, Lieutenant Colonel James H. Weise, JAGC.

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief); Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC.

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Senior Judge:

In accordance with his pleas, the appellant was found guilty of making a false official statement, selling military property, and stealing military property, in violation of Articles 107, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 908, and 921 (1988) [hereinafter UCMJ]. He was sentenced by a military judge sitting as a general court-martial to a dismissal, confinement for nine months and forfeiture of $660.00 pay per month for nine months. In accordance with the terms of a pretrial agreement, the convening authority disapproved the confinement and approved the dismissal and the forfeiture of $660.00 pay per month for nine months.

The appellant, an infantry lieutenant, stole eleven body armor protective vests (flak jackets) from the United States and

sold them, along with nine other vests he had procured, to another lieutenant. The buyer intended to send the vests to relatives in Croatia. The appellant procured eleven of the vests by lying to supply personnel about their intended use.

The appellate defense counsel asserts that the record of proceedings is nonverbatim because two videotapes viewed by the military judge during the sentencing proceeding are neither included with nor are their contents transcribed into the record. The appellate government counsel agrees that the tapes or a transcription of their contents should have been included, but asserts that the omission is not substantial. We disagree with the government's position, and find the record is incomplete and not substantially verbatim.

## I.

After provident pleas of guilty, the appellant's defense counsel proffered two videotapes during the sentencing proceeding. The defense counsel briefly described the two videotapes as recorded by NBC News during Operation Desert Shield/Storm and showing the appellant and his platoon on the border between Saudi Arabia and Iraq and then deploying into Iraq. Counsel explained that one tape was the "raw footage" and the other was the edited version for broadcast. The record of trial contains a notation: "The court observed the two tapes provided by the defense counsel." The tapes were not marked, offered, or received into evidence as exhibits. In response to a question from the civilian defense counsel the military judge remarked that the tapes were a "narrative and I don't think it's necessary to have the actual video."

In an affidavit submitted to this court, the trial counsel describes the contents of the tapes as follows:

During the sentencing portion of his trial, 1LT Seal showed two tapes of a video broadcast news segment, in which a reporter went on the scene, in Saudi Arabia, to cover mechanized infantry units preparing for war in Iraq. The videotape included footage of Bradley Fighting Vehicles from HHC, 3rd Battalion, 15th Infantry, 1LT Seal's unit, cruising through the desert. The narration of the videos indicated that 1LT Seal's battalion was involved in most of the front-line fighting during Operation Desert Storm. There was a very brief interview with 1LT Seal in which he described the motivated attitude of the soldiers in his platoon, and the general atmosphere of tension as the platoon prepared for a mission. As I remember, he was again interviewed immediately following the mission; during the interview 1LT described the mission as a success. After the viewing of the video tape was completed, defense counsel did not offer the video tape into evidence, and continued with his case by calling witnesses.

The tapes apparently are not now in the possession of the government or the appellant.[1]

During the sentencing proceeding, the appellant testified about his wartime experiences in Saudi Arabia and in Iraq, and described the mission for which he was awarded the Army Commendation Medal with "V" device. From the appellant's testimony, we glean that the videotapes concerned a different mission than that described by the appellant in court.

## II.

■■■■ A "complete" record of proceedings is required for every general court-martial in which the sentence includes death, a dismissal, a discharge, or any other punishment which exceeds that which

---

1. At an in-chambers conference, we requested information from appellate defense and government counsel on the whereabouts of the tapes and on their general contents, in order to get some idea of the contents of the tapes and the extent of the problem. Appellate defense counsel have notified this court that they have contacted the appellant and that he has not seen or had possession of the tapes since the day of trial and does not know where they are located. Appellate government counsel has supplied the trial counsel's affidavit as set out above, but the affidavit gives no indication whether the government made a diligent search for the tapes, including requesting a copy of the tapes from the network which produced them.

may be adjudged by a special court-martial. Article 54(c)(1)(A), UCMJ. For cases involving an officer, a verbatim record is required if dismissal or confinement exceeding six months is adjudged. *See* Manual for Courts–Martial, United States, 1984, app. 21, Rule for Courts–Martial 1103(b)(2)(B), analysis, at A21–70 [hereinafter R.C.M. 1103(b)(2)(B) analysis]. The record must include a "verbatim" transcript of all court sessions (except sessions closed for deliberations or voting), including sidebar conferences, arguments of counsel, and rulings and instructions by the military judge. R.C.M. 1103(b)(2)(B) discussion.[2] Videotapes shown in court should be included as exhibits within the record; or, a transcript of the contents of the videotapes should be prepared and included in the record. *United States v. Kelsey*, 14 M.J. 545 (A.C.M.R.1982). A failure to include an exhibit involves "completeness" rather than a nonverbatim record. *United States v. Cudini*, 36 M.J. 572 (A.C.M.R.1992).

■■■ The requirement for a complete and "substantially verbatim" record is "a jurisdictional prerequisite" for the validity of a "verbatim record" sentence. *See United States v. Whitney*, 23 U.S.C.M.A. 48, 50, 48 C.M.R. 519, 521 (1974). This prerequisite cannot be waived. *Id.* "The test as to whether an omission from a trial record is a fatal jurisdictional error turns on whether the omission is substantial." *United States v. Sanders*, 37 M.J. 628, 630 (A.C.M.R.1993) (*citing United States v. Gray*, 7 M.J. 296 (C.M.A.1979)). A substantial omission renders a record incomplete. *United States v. McCullah*, 11 M.J. 234, 236 (C.M.A.1981). A substantial omission in a record of trial raises a presumption of prejudice to an accused which the government must rebut. R.C.M. 1103(b)(2) analysis; *McCullah*, 11 M.J. at 237; *Cudini*, 36 M.J. at 573. Conversely, an insubstantial omission does not raise the presumption of prejudice and does not prevent characterizing a record as "complete." *McCullah*, 11 M.J. at 237; *United States v.*

*Behling*, 37 M.J. 637 (A.C.M.R.1993); *Cudini*, 36 M.J. at 573.

■■■ The military judge, trial counsel, defense counsel, and court reporter all bear some responsibility for producing an accurate and complete record of proceedings for our consideration. The trial counsel, under the direction of the military judge, is responsible for preparing the record of trial. R.C.M. 1103(b)(1). After preparation of the record, the trial counsel shall examine the record before authentication and shall make such changes as are necessary to report the proceedings accurately. R.C.M. 1103(i)(1)(A). "Except when unreasonable delay will result, the trial counsel shall permit the defense counsel to examine the record before authentication." R.C.M. 1103(i)(1)(B). If the defense counsel discovers errors or omissions in the record, the defense counsel may suggest appropriate changes or make objections. *Id.* discussion. Finally, the military judge (or other specified officer in his absence) will authenticate the record. R.C.M. 1104(a)(2)(A) and (B). By affixing his signature, the military judge or other authenticating official declares that the record accurately reports the proceedings. *Id.* While the defense counsel here did not ask that the videotapes be marked as an exhibit or entered into the record as an exhibit, the military judge or trial counsel should have ensured that either the videotapes or a transcription of the verbal contents were included in the record.

■■■ When omissions occur in the record, it is possible to reconstruct those portions affected so that the record is "substantially verbatim." *See e.g. United States v. Eichenlaub*, 11 M.J. 239 (C.M.A.1981) (detailed summarization of the missing portion included in the record); *United States v. Sneed*, 32 M.J. 537 (A.F.C.M.R.1990) (military judge made detailed summarization of missing argument); *United States v. Crowell*, 21 M.J. 760 (N.M.C.M.R.1985) (post-trial Article 39(a) session to repeat omitted portion of proceedings).

---

2. A "complete" record is not necessarily a "verbatim" record. *United States v. McCullah*, 11 M.J. 234, 236 (1981); *United States v. Whitman*,

3 U.S.C.M.A. 179, 181, 11 C.M.R. 179, 181 (1953); *United States v. Brown–Austin*, 34 M.J. 578, 582 (A.C.M.R.1992).

"If, because of loss of recordings or notes, or other reasons, a verbatim transcript cannot be prepared ... the convening authority may ... [a]pprove ... so much of the sentence [as may] be adjudged by a special court-martial...." R.C.M. 1103(f)(1).

### III.

■ We find that it was error not to include a copy of the videotapes or an adequate substitute in the record of proceedings. We hold that the record of proceedings is not complete and therefore not "substantially verbatim" in this case. Therefore, the government has not sufficiently rebutted the presumption of prejudice rising from the defective record.

The U.S. Court of Military Appeals has recognized the persuasive effect a videotape may have on the trier of fact. *United States v. Palacios*, 37 M.J. 366 (C.M.A. 1993). That court has also recognized the "special distinction" of combat service. *United States v. Demerse*, 37 M.J. 488, 492 (C.M.A.1993). Given the importance of combat service and the dramatic effect of videotaped footage of the appellant and his unit in a combat situation, we are unwilling to find that the record is "complete" or is substantially verbatim without the sentencing materials viewed by the military judge on the videotapes.[3] Nor can we say that the appellant's testimony in extenuation and mitigation is sufficiently duplicative of the contents of the videotape to minimize the omission of the tapes.

■ The record is complete as to findings. Therefore, we could review the providence inquiry and determine that the findings of guilty are correct.[4] Because the record is not complete as to sentencing, we have the option of curing the defect by affirming the findings and a "nonverbatim record" sentence, or of returning the record for preparation of a complete tran-

script. *See Whitney*, 23 U.S.C.M.A. at 50, 48 C.M.R. at 521. We choose to return the record to the convening authority for corrective action.

The action of the convening authority is set aside. The record will be returned to The Judge Advocate General for submission to the same convening authority for preparation of a "complete" record of proceedings. After the complete record is authenticated as prescribed in R.C.M. 1104, the convening authority will take new action in this case. If a complete and substantially verbatim record is prepared, the convening authority may take action as permitted by R.C.M. 1107. If a complete *but nonverbatim* record is prepared, the convening authority may approve a sentence in conformity with R.C.M. 1103(f).

Judge JOHNSTON and Judge BAKER concur.

---

3. Had one of the two videotapes been included in the record, this arguably would have satisfied the requirement that the record be substantially verbatim.

4. We have reviewed the remaining assertion of error that the court-martial lacked jurisdiction

because of a violation of the Appointments Clause of the U.S. Constitution, and find it to be without merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted,* — U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).