**UNITED STATES, Appellee,**

v.

**Private First Class Travis S. WHITE, United States Army, Appellant.**

**ARMY 9701737.**

U.S. Army Court of Criminal Appeals.

16 Feb. 2000.

For Appellant: Colonel John T. Phelps II, JA; Major Kirsten V.C. Brunson, JA; Captain Joshua E. Braunstein, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Captain Mary E. Braisted, JA (on brief); Captain Kelly R. Bailey, JA.

Before CAIRNS, Senior Judge, BROWN, and VOWELL, Appellate Military Judges.

## OPINION OF THE COURT

BROWN, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of willfully disobeying a lawful command, in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890 [hereinafter UCMJ]. Contrary to the appellant's pleas, the military judge convicted the appellant of indecent assault,[1] in violation of Article 134, UCMJ, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Although we find no merit in either of the appellant's two assignments of

error, we have determined that the first assignment of error merits brief discussion.

In his first assignment of error, the appellant argues that the record of· trial is not substantially complete and therefore not verbatim because Defense Exhibit N, a videotape, is missing from the record of trial. Therefore, appellant argues, we cannot affirm that part of the sentence extending to a bad-conduct discharge.[2] We disagree.

## BACKGROUND

On the evening of 18–19 April 1997, the appellant introduced himself to the victim, Ms. R–A, in the Rod and Gun Club, near Hanau, Germany. Shortly after meeting, the appellant asked Ms. R–A to dance. When she initially refused, the appellant persisted and eventually prevailed upon her to dance with him. The appellant and Ms. R–A then talked intermittently and later danced several more dances. When the appellant went out to his car to smoke a cigarette, Ms. R–A accompanied him. Ms. R–A and the appellant got into his car, a 1994 two-door Geo Metro. The appellant then drove away and stopped in a nearby field where, as Ms. R–A testified, the appellant indecently assaulted her both in the car and, a few moments later, outside on the hood of the car.

At trial, resolution of the assault offense hinged on whether the victim consented to the appellant's advances or, if not, whether the appellant entertained an honest, reasonable, albeit mistaken, belief that she had consented. This, in turn, became a credibility contest between the appellant and Ms. R–A. Both testified extensively at trial. The government also relied heavily on (and the defense conversely attacked) a sworn statement given by the appellant to investigators two days after the incident. In his sworn statement and trial testimony, the appellant admitted that he wanted to have an affair that very night, that he wanted to have sex with Ms. R–A, and that he continued to touch

---

1. The conviction for indecent assault was to the lesser included offense of the charged offense, assault with the intent to commit rape (Article 134, UCMJ). The military judge acquitted the appellant of the remaining charge—the offense of kidnapping the assault victim (Article 134, UCMJ).

2. In his brief, the appellant also argues that the missing evidence is so critical that we must set aside the conviction for indecent assault. We disagree.

her sexually after she had manifested her lack of consent.

The appellant attacked Ms. R–A's testimony, in part, by focusing on the interior configuration of his car. The evidence in the record revealed that the appellant's car had a floor-mounted stick shift, a center console between the front bucket seats, and seat belt receptacles on the innermost side of each bucket seat. The appellant apparently attempted to show that Ms. R–A's testimony was incredible when she testified that, while at the field, the appellant entered the car from the passenger door, pushed her back, and laid on top of her with her upper body draped across the console onto the driver's seat. The appellant questioned whether, given the configuration of his car, events could have transpired as Ms. R–A testified or, alternatively, why she reported no bruises from the encounter.

In an effort to show the implausibility of Ms. R–A's story, the appellant introduced Defense Exhibit N, a "homemade" videotape of a 1997 Geo Metro—a car similar, but not identical, to his own. During brief testimony about the videotape,[3] the appellant pointed out the similarities and differences between his car and the 1997 model. The military judge admitted the videotape into evidence. Neither the tape nor a suitable substitute, however, is included in the record of trial, which gives rise to the appellant's first assignment of error.

## DISCUSSION

A complete record of the proceedings and testimony is required for every general court-martial in which the sentence includes death, a dismissal, a punitive discharge, or any other punishment that exceeds the jurisdictional limits of a special court-martial. *See* UCMJ art. 54(c)(1)(A), 10 U.S.C. § 854(c)(1)(A). The President has provided additional guidance for the preparation of court-martial records of trial in Rule for Courts–Martial 1103 [hereinafter R.C.M.].

Because of the punishment adjudged in this case, R.C.M. 1103(b)(2)(B) requires that the record of trial "include a verbatim writ-

ten transcript of all sessions except sessions closed for deliberations and voting." The discussion accompanying this rule makes it clear that the requirement for a verbatim transcript refers to words that are said in the courtroom while court is in session. Additionally, R.C.M. 1103(b)(2)(A) mandates that "[t]he record of trial in each general court-martial shall be separate, complete, and independent of any other document." Rule for Courts–Martial 1103(b)(2)(D)(v) specifies that a complete record will include "[e]xhibits . . . which were received in evidence." Lastly, R.C.M. 1103(f)(1) provides that if a verbatim record cannot be prepared, then a summarized report of the proceedings must be prepared, and the convening authority may only approve a sentence that "could be adjudged by a special court-martial, except that no bad-conduct discharge may be approved."

The appellant claims the omission of Defense Exhibit N renders the record of trial not substantially complete and nonverbatim. Appellant argues the sentence to a bad-conduct discharge must be disapproved.

■ To some extent, the appellant confuses the requirements for a verbatim record and a complete record. As stated above, the requirement for a verbatim record relates only to the transcription of the court proceedings. Missing exhibits relate to whether the record of trial is complete. *See United States v. Cudini*, 36 M.J. 572, 573 (A.C.M.R. 1992) (citing *United States v. McCullah*, 11 M.J. 234, 236 (C.M.A.1981)). A substantial omission from the record "raises a presumption of prejudice which the government must rebut." *Cudini*, 36 M.J. at 573 (citing *United States v. Gray*, 7 M.J. 296 (C.M.A.1979)). An insubstantial omission, conversely, "does not raise the presumption and does not change a record's characterization as complete." *Cudini*, 36 M.J. at 573 (citing *McCullah*, 11 M.J. at 237).

■ We find that the omission of Defense Exhibit N is insubstantial and that the record of trial is substantially complete. The missing videotape in this case was merely demonstrative evidence on an issue (the interior configuration of the appellant's car) that

---

**3.** There is no indication in the record that the      videotape included any audio portion.

**716**

was not in dispute. While providing some context for the appellant's attack on the victim's credibility, the interior of the appellant's car was portrayed in the record by means other than the videotape. Three witnesses (the appellant, the victim, and Special Agent Kelley) testified in varying degrees about the interior configuration of the appellant's car. Taken as a whole, this testimony provided an adequate description of the appellant's car.[4] *See, e.g., United States v. Burns,* 46 C.M.R. 492, 497, 1972 WL 14426 (N.C.M.R.1972).

Additionally, the evidence in the record relating to the indecent assault charge is "compelling" and "persuasive." *Burns,* 46 C.M.R. at 498. The appellant's sworn statement made to the Criminal Investigation Division and his testimony at trial provide compelling evidence that the appellant committed indecent assault. The videotape, "when reflected in a light most favorable to the accused, would not have changed in any degree the weight of the evidence which was accumulated against [the appellant]." *Burns,* 46 C.M.R. at 498. The videotape is "unimportant" and "uninfluential" when viewed in the light of the entire record. *Burns,* 46 C.M.R. at 498. Finally, we note that, during closing argument, the trial defense counsel only fleetingly mentioned the videotape. This demonstrates the minimal significance that the appellant attached to the videotape at trial. Under the facts of this case, the omission of Defense Exhibit N from the record of trial was insubstantial.

■ Assuming, *arguendo,* that the omission of Defense Exhibit N was substantial, thereby raising the presumption of prejudice, the government successfully rebutted that presumption. To the extent that the appellant intended to use the videotape to attack the credibility of the victim, the videotape

would have added little or nothing to the testimony found elsewhere in the record. With or without the videotape, the extensive testimony of the appellant, Ms. R–A, and other witnesses provided a thorough basis for our evaluation of the witnesses' credibility. Likewise, the videotape could do nothing to rebut the appellant's own sworn statement and testimony at trial, in which he essentially admitted to the elements of indecent assault and negated any mistake-of-fact defense. We consider the videotape to be of minimal importance to the outcome of this case, and its omission in no way impedes our appellate review. *See United States v. Carmans,* 9 M.J. 616, 621 (A.C.M.R.1980). Therefore, the omission of Defense Exhibit N did not prejudice the appellant.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge VOWELL concur.

4. The facts of this case can be easily distinguished from the facts in *United States v. Seal,* 38 M.J. 659 (A.C.M.R.1993). In *Seal,* two videotapes showing the appellant and his unit in a combat situation were played to the military judge during the sentencing proceeding at the appellant's judge alone court-martial. The videotapes were not included in the record of trial, and their contents were not transcribed into the record. This court ruled that it was error "not to include a copy of the videotapes or an adequate

substitute in the record of proceedings" and held that the record of trial was incomplete and nonverbatim. *Seal,* 38 M.J. at 663. In making its ruling, this court focused on "the importance of combat service and the dramatic effect of videotaped footage of the appellant and his unit in a combat situation," and noted that the appellant's testimony in extenuation and mitigation was not "sufficiently duplicative of the contents of the videotape[s] to minimize the omission of the tapes." *Seal,* 38 M.J. at 663.