# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Staff Sergeant JORDAN T. MONARCH
### United States Air Force

### ACM 38585

### 14 October 2015

Sentence adjudged 4 March 2014 by GCM convened at Robins Air Force Base, Georgia. Military Judge: Michael J. Coco (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 60 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Major Thomas J. Alford and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Before a general court-martial composed of a military judge sitting alone, Appellant pled guilty to specifications of indecent acts, abusive sexual contact, aggravated sexual assault, and possession of child pornography in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934.[1] The military judge sentenced Appellant to

---

[1] Because all the Article 120 offenses occurred in April and May 2012, Appellant was charged under the version of Article 120, UCMJ, 10 U.S.C. § 920, applicable to offenses committed between 1 October 2007 and 27 June 2012. *Manual for Courts-Martial, United States* (*MCM*), app. 28 at 28-1 (2012 ed.).

a dishonorable discharge, 71 months of confinement, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved confinement for 60 months and otherwise approved the sentence as adjudged.

On appeal, Appellant asserts that—with regard to a specification alleging indecent acts—his guilty plea was improvident because the military judge failed to establish Appellant's acts were outside of a protected liberty interest. In addition, we address an issue regarding the failure to seal all copies of the illicit photographs of the victims and an issue regarding whether the record of trial is complete when it omits four of the five images of child pornography that were attached to the stipulation of fact.

*Background*

Appellant knew Ms. CS from prior social engagements. On 29 April 2012, Ms. CS was watching a movie and cuddling with Appellant at his home. While watching the movie, Appellant pulled her shorts and underwear aside and took photographs of her vagina without her consent.

Appellant was also friends with Staff Sergeant (SSgt) DK, and, on 2 May 2012, Appellant picked her up at her apartment for an evening out. SSgt DK told Appellant he could stay on her couch if he had too much to drink. The two of them met some other co-workers at a bar for a "drink 'till you drown" event in which a $20 cover charge allowed them to consume as much alcohol as they could. Afterwards, Appellant and SSgt DK went back to her apartment. She passed out on her bed while fully clothed. SSgt DK and Appellant had never flirted or engaged in any prior sexual activity. Appellant manipulated her clothing to expose her nipple and areola and took photographs without her consent. Appellant also manipulated her skirt and underwear to take photographs of her vagina and a video of himself touching her genitalia and digitally penetrating her genital opening.

Finally, Appellant searched the Internet for pornography using terms that included "young teen nude," "underage," "young nudist," along with other search terms that combined teen and high school with sexually suggestive words. Appellant possessed five images of child pornography on his computer.

Additional facts necessary to resolve the issues presented are provided below.

*Appellate Review of Plea Providence and a "Waive All Waivable Motions" Provision*

Appellant entered into a plea agreement in which he agreed to "waive all waivable motions." The Government argues that this provision forecloses appellate review of the providence of his plea. We reject this argument. A pretrial agreement may not deprive

Appellant of "the complete and effective exercise of post-trial and appellate rights." Rule for Courts-Martial (R.C.M.) 705(c)(1)(B).

*Providence of Plea*

"[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In doing so, we apply the substantial basis test and look for something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the guilty plea. *Id.*; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (stating that a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). The military judge may consider both the stipulation of fact and his inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citing *United States v. Whitaker*, 72 M.J. 292, 293 (C.A.A.F. 2013)).

"An accused must know to what offenses he is pleading guilty." *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008). A military judge's failure to explain the elements of a charged offense is error. *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)). When a charge may implicate both criminal and constitutionally protected conduct, the plea inquiry "must contain an appropriate discussion and acknowledgement on the part of the accused of the critical distinction between permissible and prohibited behavior." *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011). Constitutional challenges to prosecutions for constitutionally protected sexual activity are addressed on an as applied, case-by-case basis using a tripartite framework within the military context. *United States v. Stirewalt*, 60 M.J. 297, 304 (C.A.A.F. 2004).

> First, was the conduct that the accused was found guilty of committing of a nature to bring it within the liberty interest identified by the Supreme Court? Second, did the conduct encompass any behavior or factors identified by the Supreme Court as outside the analysis in *Lawrence*? Third, are there additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest?

*United States v. Marcum*, 60 M.J. 198, 206–07 (C.A.A.F. 2004) (citing *Lawrence v. Texas*, 539 U.S. 558, 578 (2003)) (internal citation omitted).

Appellant now asserts that his plea was improvident because his statements during the plea inquiry only establish that he consensually photographed Ms. CS's genitalia. We analyze Appellant's argument into two related parts: (1) Did the military judge adequately explain the difference between criminal and non-criminal sexual activity? (2) Was Appellant's plea provident to the elements and definitions? We answer both questions affirmatively.

The military judge did not say he was employing the *Marcum* test, nor would we expect him to do so. This legal shorthand may have significance to military law practitioners, but we doubt that most Airmen would understand the reference. During a plea inquiry, the military judge should avoid legal jargon and instead engage Appellant in "a dialogue employing lay terminology to establish an understanding by the accused as to . . . the issue of criminality." *Hartman*, 69 M.J. at 469. With the *Marcum* test, "[t]he first question we ask is whether Appellant's conduct was of a nature to bring it within the *Lawrence* liberty interest. Namely, did Appellant's conduct involve private, consensual sexual activity between adults?" *Marcum*, 60 M.J. at 207. In the case at hand, the military judge explained the two elements of the offense were: (1) that Appellant "engaged in certain wrongful conduct to wit: making pictures of [CS]'s genitalia without her consent and contrary to her reasonable expectation of privacy" and (2) that the conduct was indecent. When explaining the elements, the military judge elaborated that "Article 120, UCMJ, is not intended to regulate the wholly private consensual sexual activities of individuals. In the absence of aggravating circumstances, private consensual sexual activity is not punishable as an indecent act." We conclude for this factual scenario the military judge adequately differentiated between the permissible and the illegal.

We also address Appellant's argument that his plea was improvident because his statements only establish consensual acts. Appellant informed the military judge that he and Ms. CS were cuddling and watching a movie. He then explained, "About halfway through the movie I pulled her shorts and panties to the side and took pictures of her vagina. She never told me no or told me to stop but I could tell she was hesitant. I knew that she didn't want me to take the pictures but I took them anyway." In response to further questioning by the military judge, Appellant explained, "I don't think that she wanted me to take the pictures but there was no type of physical resistance." The military judge again followed up on why Appellant believed that Ms. CS was not consenting to the photographing of her genitalia. Appellant explained that Ms. CS was in a relationship with a mutual friend of theirs and that she "really liked" the other person. Appellant had earlier explained that when he asked Ms. CS to engage in sexual intercourse with him, she declined because it would be detrimental to her relationship with this other person. Appellant further elaborated on why he believed Ms. CS was not consenting to the photographs by stating, "And it just kind of came off as she was hesitant in the fact that she didn't want me to take it. And she allowed it but was real

hesitant about it and it just kind of made me think later on that she really didn't want me to take those pictures."

In the stipulation of fact Appellant admitted that he "took two photographs of [Ms. CS]'s vagina with his cell phone without her consent." He also admitted that he took the photographs "without her permission or consent and contrary to her reasonable expectation of privacy." Appellant admitted that he did not have permission and did not ask for permission before he took the photographs. "The Accused specifically admits that he had no reasonable basis to believe, either through words or actions by Ms. [CS] the he had permission to take pictures of [her] genitalia."

The stipulation of fact also contains a paragraph describing Appellant's sexual advances that evening as reported by Ms. CS.[2] Appellant stipulated as fact that Ms. CS made particular assertions or allegations. Ms. CS asserted that after she told Appellant she would not engage in sexual activity with him, he persisted with trying to kiss her. She then turned away from him. Appellant made additional requests for sexual activity which she declined. Appellant pulled down her shirt and tried to touch her breasts, but she pulled her shirt up. When she pulled her shirt up, Appellant pulled her shorts and underwear down. She then tried to pull her shorts and underwear back up while he continued to try to pull them down. Appellant attempted to pry her legs apart and attempted other sexual activity with her. Ms. CS tried to push him off her, but it was not effectual. She then decided to ignore him and eventually he ceased with his attempted sexual activity with her.[3]

A guilty plea cannot be accepted if Appellant sets up a matter inconsistent with his plea. *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F. 2002). The military judge may consider both the stipulation of fact and the plea inquiry when deciding if a guilty plea is provident. *Hines*, 73 M.J. at 124. Appellant appears to focus on the brief phrase "she allowed it" in the military judge's inquiry with Appellant to establish an inconsistent matter so that we should now reject his guilty plea. However, on appeal we employ the substantial basis test for the providence of pleas and look at the entire record. *Jordan*, 57 M.J. at 238–39. Appellant seeks to have us focus on three words and ignore the remainder of his plea inquiry and the stipulation of fact. The entirety of his plea inquiry and the stipulation of fact clearly establish that he took the pictures without Ms. CS's consent. Appellant seems to belatedly argue that he had a possible mistake of fact as to consent defense. A guilty plea is not improvident due to the mere possibility of a defense. *See United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). In his stipulation

---

[2] The paragraph appears to be a stipulation of expected testimony which is embedded inside of a stipulation of fact. We recommend that a better practice would be to have the stipulation of expected testimony be a separate document. The pretrial agreement could contain a term requiring both sides to agree on a stipulation of expected testimony for a particular witness.

[3] The charges and specifications related to the events described in this stipulated testimony were dismissed pursuant to the pretrial agreement.

of fact, Appellant specifically disavowed the defense he seeks to raise now on appeal. Additionally, during the plea inquiry, Appellant repeatedly admitted his knowledge that Mr. CS did not consent to the taking of the photographs. Appellant explicitly stated, "I knew [Ms. CS] didn't want me to take the photographs but I took them anyway." Upon further questioning by the military judge, Appellant again admitted, "I don't think she wanted me to take the pictures . . . . [I]t just kind of made me think later on that she really didn't want me to take those pictures." In consideration of the entire inquiry and the stipulation of fact, we find no substantial basis to question Appellant's guilty plea and the military judge did not abuse his discretion in accepting the plea.

*Sealing the Illicit Photographs*

When asked about any fears or concerns she had about the photographs, Ms. CS testified that it bothered her that she did not know who had seen them, what Appellant had done with them, or where they had been. SSgt DK testified that the photographs Appellant took of her made her feel horrible and they were an invasion of privacy that she would never get back. She worried that her leadership, her supervisors, law enforcement investigators, and the attorneys at the court-martial had all seen the explicit photographs and videos. Despite these expressed concerns by the two victims, copies of the photographs and the videos were appended to the stipulation of fact and admitted into evidence. The military judge ordered sealed the three attachments and the pages of the record of trial that pertained to a Mil. R. Evid. 513 closed hearing.

In our review of the complete record of trial, we have located additional copies of the photographs and videos which are not sealed. Accordingly, the Clerk of the Court is directed to seal the following in the original record of trial: (1) Attachment 2, a computer disk, to the 7 November 2013 memorandum appointing the investigating officer; (2) Investigating Officer Exhibit 17, a computer disk, to the Article 32 Report of Investigation; and (3) Exhibit 21, four pages, to the Report of Investigation of the Air Force Office of Special Investigations. The Government is directed to remove these pages from all other copies of the record of trial, as required by Air Force Manual 51-203, *Records of Trial*, ¶ 6.3.4 (17 November 2009).

Some of the previously unsealed copies of the photographs and videos are marked as obscene or sexually explicit; yet, no one from the legal office sought to have the military judge seal them pursuant to R.C.M. 1103A. We call upon trial counsel and staff judge advocates to weigh the probative value of these exhibits against the privacy interests of the victims when deciding whether to seek the admission of the exhibits. By the very nature of the charge, these images were a violation of the victim's reasonable expectation of privacy. In a litigated court-martial, the trial counsel will seek the admission of the images in order to prove the elements beyond a reasonable doubt. However, what purpose is served in a guilty plea case by creating additional copies of these images which are then required to be viewed throughout the appellate process?

We recognize that some may argue that the images are the gravamen of the offense and likely to increase the sentence. However, pursuant to the pretrial agreement, Appellant was required to enter into a reasonable stipulation of fact. If a picture is worth a thousand words, then perhaps the reverse is also true; and those additional words could express the nature of the images without further intruding into the privacy rights of the victims.

*Missing Child Pornography Images*

The stipulation of fact describes five images of child pornography and states, "The five aforementioned images of child pornography are attached to this stipulation of fact as Attachment 2." They are not. Attachment 2 to the stipulation of fact is the aforementioned images of SSgt DK. The stipulation of fact alternatively states: "All images listed in this stipulation of fact and attached hereto as Attachment 3 are child pornography images." However, the original record of trial had as attachment 3 a disk with only one image on it; the image identified as beginning with "4 yo little girl . . . ."

After we identified the issue of the missing images, both sides prepared additional briefs on the issue of whether the omission of the four images was "substantial." The Government submitted a motion to attach a disk that purported to have the four missing images. Appellant objected to the motion. The disk was not accompanied by an affidavit from trial counsel, the court reporter, or the military judge. The only document included with the disk was an accountability sheet. R.C.M. 1104(d)(2) permits an incomplete authenticated record of trial to be corrected by way of a certificate of correction. This procedure was not followed in this case. Because it was not accompanied by an affidavit or certificate of completion, we denied the motion to attach the disk.[4]

The issue of whether a record of trial is complete and a transcript is verbatim are questions of law that we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). "[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the [G]overnment must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006). The Government may rebut the presumption by reconstituting the omitted portion of the record. *See id.* at 654–55. "The main reason for a verbatim record is to ensure an accurate transcript for purposes of appellate review . . . ." *United States v. Harmon*, 29 M.J. 732, 733–34 (A.F.C.M.R. 1989).

The lack of a verbatim transcript and an incomplete record are two separate and distinct errors. *United States v. Gaskins*, 72 M.J. 225, 230 (C.A.A.F. 2013). We first address the issue of whether the transcript is verbatim; it is. The missing prosecution exhibits solely raise the related issue of whether the record is complete. The threshold question is whether the missing exhibits are substantial, either qualitatively or

---

[4] Because the disk appears to contain child pornography, we order the disk sealed.

quantitatively. *Davenport*, 73 M.J. at 377. Omissions may be quantitatively insubstantial when in light of the entire record the omission is "so unimportant and so uninfluential . . . that it approaches nothingness." *Id.* (citing *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

During the providence inquiry, the military judge asked Appellant questions about each of the five images. Appellant described each image in detail and explained why his plea was provident for each individual image. Based on questioning by the military judge, Appellant explained that each image depicted a minor child engaged in sexually explicit conduct. Appellant provided a detailed description of each image and why it depicted a minor engaged in sexually explicit conduct. The record also clearly establishes that the military judge viewed each image and found Appellant's plea to each image to be provident. There is nothing in the record which causes us to have a substantial basis in law or fact to question the providence of Appellant's plea. *Cf. United States v. Blouin,* 74 M.J. 247, 252 (C.A.A.F. 2015) (holding that the military judge's determination that some images were not legally sufficient as child pornography after the appellant plead guilty to all images raised a question as to sufficiency of the plea).

Our superior court has previously held that the omission of a few prosecution exhibits of sexually explicit literature were insubstantial omissions when other evidence in the record incorporated the information from the missing exhibits. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000). Based on all the information in the record of trial to include the stipulation of fact and Appellant's detailed description of each individual image during the plea inquiry, we conclude the omission of four of the images the omission is insubstantial. Our Army colleagues have similarly found that testimony in the record can adequately describe the contents of a missing exhibit such that the omission is insubstantial. *United States v. White*, 52 M.J. 713 715–16 (Army Ct. Crim. App. 2000) (holding that a missing videotape was unimportant when testimony provided an adequate description); *see also United States v. Eichenlaub*, 11 M.J. 239 (C.M.A. 1981) (holding that a detailed summary was sufficient to overcome the presumption of prejudice flowing from the substantial omission of a discussion between military judge and the appellant). *But cf. United States v. Seal* 38 M.J. 659 (A.C.M.R. 1993) (holding that missing defense exhibits of appellant's combat service was substantial when not transcribed and no adequate substitute admitted); *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981) (finding that the omission of a prosecution exhibit that was prima facie evidence of the offense was substantial omission and left the record incomplete). We analyze whether an omission is substantial on a case-by-case basis. *United States v. Abrams*, 50 M.J 361, 363 (C.A.A.F. 1999). Based on the detailed description of each image provided in the record of trial, we find the omission of the four images are insubstantial; the record of trial is complete. We are able to conduct a thorough and detailed appellate review of this case and have done so.

We take this moment to again remind staff judge advocates and the members of their legal offices to ensure accurate records of trial are docketed with this court.[5]

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[5] We also question the need to attach contraband images in a case with a pretrial agreement which requires a stipulation of fact. A plea to the possession of contraband does not require the contraband to be attached in order to be provident; for example, guilty pleas to the wrongful use, distribution or possession of cocaine seldom have the actual contraband substance admitted into evidence. We see no need why contraband images need to be attached in every case.

ACM 38585