**UNITED STATES, Appellee,**

v.

**Specialist Four William E. CHURCH, Jr., 238–23–9184, United States Army, Appellant.**

**ACMR 8600754.**

U.S. Army Court of Military Review.

5 March 1987.

1. The action of the convening authority limits our concern to whether the punitive discharge

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Peter M. Cardillo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before FELDER, RICHARDSON and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RICHARDSON, Judge:

Pursuant to his pleas, appellant was convicted of several drug-related offenses. A general court-martial composed of officer members sentenced appellant to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to Private E–1. Pursuant to the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for ninety days, forfeiture of $426.00 per month for three months, and reduction to Private E–1.

■ Appellant's only assignment of error concerns whether the record of trial is verbatim. Failure to comply with the statutory and regulatory mandates in this regard precludes affirmance of any sentence exceeding that which could be adjudged at a special court-martial. *See* Article 54(c), Uniform Code of Military Justice, 10 U.S.C. § 854(c) (1982); Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1103(b)(2)(B) and 1103(f)(1).[1]

Appellant's contention is premised on a parenthetical entry in the record of trial which reflects that an "off the record discussion" occurred between the conclusion of the defense presentencing presentation and the start of the trial counsel's sentencing argument. From the record we can determine that the discussion involved the

may be affirmed.

military judge and at least one of the counsel present. We have absolutely no indication of the substance of the conversation. "Not every sidebar conference must be recorded verbatim, but one involving a ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim." *United States v. Sturdivant*, 1 M.J. 256, 257 (C.M.A.1976)

The government contends the timing of the discussion permits the conclusion that no substantial matter was discussed. It is further suggested that if something significant had transpired during the discussion, the military judge would have so indicated in his errata to the record, which was completed during the authentication process.[2] We have been provided no factual predicate from which we can conclude anything about the substance or nature of the discussion in question. We decline the government's invitation to speculate on these matters since it is the government who is responsible for preparation of the record of trial.[3] 7 M.J. at 298; *United States v. Boxdale*, 47 C.M.R. 351 (C.M.A. 1973).

We simply are unable to determine the subject of the discussion and whether substantial or insubstantial matters were involved. As a result we deem it appropriate to return the record of trial to the convening authority for a limited hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A.1967). The hearing will focus on the subject of the discussion in question; whether substantial matters were involved; and whether reconstruction of the discussion is necessary, and if so, whether it is now practicable. The military judge at the hearing will make findings of fact and conclusions of law as appropriate. Thereafter, the record will be returned to this court for further review.

Accordingly, the record of trial is returned to the convening authority for action consistent with this decision.

Senior Judge FELDER and Judge ROBBLEE concur.

---

2. In the last of seven pages of errata the military judge referred to the record as "marginally acceptable" and as "reflect[ing] an inability of the court reporter to take a verbatim record."

3. The question is not sufficiency of the record for appellate review but compliance with the command of the Uniform Code of Military Justice. *United States v. Gray*, 7 M.J. 298 (C.M.A. 1979); *United States v. Sturdivant*, 1 M.J. 256, 257 (C.M.A.1976). *But see United States v. Griffin*, 17 M.J. 698, 699 (A.C.M.R.1983), *petition denied*, 18 M.J. 292 (C.M.A.1984).