OPINION OF THE COURT
HOFFMAN, Judge:
A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of carnal knowledge, indecent acts with a child, and indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ], The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of Private El.
This case is before us for review pursuant to Article 66, UCMJ, 10 USC § 866. Appellant has alleged, inter alia, a substantial omission from the record of trial rendering it incomplete within the meaning of Article 54, UCMJ, 10 U.S.C. § 854. We return the record of trial to the convening authority for a limited hearing to determine whether substantial matters were omitted from the record and, if so, whether it is incomplete under Article 54, UCMJ.
FACTS
The court-martial panel found appellant guilty of carnal knowledge and indecent acts with the 12-year-old daughter of a fellow soldier and indecent assault on another female soldier. Following his conviction, the defense’s sentencing case consisted of three witnesses (a captain, a chief warrant officer three, and appellant’s brother), appellant’s unsworn statement and the admission of Defense Exhibit A, appellant’s “Good Soldier Book.” During his unsworn statement, appellant described ten photographs contained in Defense Exhibit A. Though the panel received the exhibit for their consideration in sentencing, the exhibit was not included when appellant’s record of trial was assembled.
In his Rule for Courts-Martial [hereinafter R.C.M.] 1105/1106 clemency submission, appellant’s counsel noted Defense Exhibit A was missing from the record of trial. Counsel claimed the missing exhibit contained “a compilation of [appellant’s] awards, certificates, letters of commendation and character letters from family and friends, as well as a number of photographs.”
In response, the acting staff judge advocate (SJA) prepared an addendum to the SJA recommendation, noting Defense Exhibit A “could not be located.” The SJA provided a memorandum describing the omitted exhibit for the record.[1] Additionally, the SJA provided appellant’s Official Military Personnel File (OMPF) for the convening authority to review in an effort to supplement information pertaining to appellant’s military background. Further, appellant’s R.C.M. 1105 matters contained twenty-one letters of support. The convening authority reviewed the materials and approved the adjudged sentence without clemency.
LAW
A complete record of the proceedings and testimony must be prepared for any general court-martial resulting in a punitive discharge. UCMJ, art. 54(c)(1). A complete record includes “exhibits ... which were received in evidence.” R.C.M. 1103(b)(2)(D)(v). A substantially verbatim record is necessary to support a sentence which includes a punitive discharge or exceeds six months confinement. R.C.M. 1103(b)(2)(B) and 1103(f)(1). Article 19, UCMJ, 10 U.S.C. § 819, states *571 “[a] bad-eonduet discharge, confinement for more than six months, or forfeiture of pay for more than six months may not be adjudged unless a complete record of the proceedings and testimony has been made_” The requirement a record of tidal be complete and substantially verbatim to support a sentence exceeding these limits amounts to a jurisdictional requirement that cannot be waived. United States v. Henry, 53 M.J. 108, 110 (C.A.A.F.2000) (citing United States v. Gray, 7 M.J. 296 (C.M.A.1979); United States v. Whitney, 48 C.M.R. 519, 1974 WL 13848 (C.M.A.1974)). When faced with an incomplete record, this court may order a new trial, order reconstruction of the record, or simply approve a sentence that meets the mandates of R.C.M. 1103, Article 19, and Article 54. See United States v. Lashley, 14 M.J. 7, 9 (C.M.A.1982).
The test for determining whether the record is incomplete is whether the omitted matter constitutes a “substantial” omission from the record. United States v. McCullah, 11 M.J. 234, 237 (C.M.A.1981). Whether or not an omission is substantial is analyzed on a case-by-case basis. United States v. Embry, 60 M.J. 976, 979 (Army Ct.Crim.App.2005) (citing United States v. Abrams, 50 M.J. 361, 363 (C.A.A.F.1999)). Omissions from the record of trial, which affect the rights of the accused at trial or make proper appellate review impossible are substantial omissions. See Abrams, 50 M.J. at 363. To evaluate whether an omission from the record is substantia], the court must “ascertain whether the omitted material was ‘substantial,’ either qualitatively or quantitatively,” when considered in light of the rest of the record. Lashley, 14 M.J. at 9.
A substantial omission from the record “raises a presumption of prejudice which the government must rebut.” United States v. Cudini, 36 M.J. 572, 573 (A.C.M.R.1992) (citing Gray, 7 M.J. 296). “Conversely, an insubstantial omission does not raise the presumption and does not change a record’s characterization as complete.” Cudini, 36 M.J. at 573 (citing McCullah, 11 M.J. at 237). Thus, before affirming any record of trial from which an exhibit is missing, this court must determine, first, whether the absence of the omitted exhibit is substantial and renders the record of trial incomplete, and, second, if so, whether the government has successfully rebutted the presumption of prejudice to the accused which automatically arises therefrom.
The court is well aware of the many cases finding a substantial omission when an exhibit is omitted. See United States v. Stoffer, 53 M.J. 26 (C.A.A.F.2000) (though the findings could be affirmed, absence of all of the defense sentencing exhibits was substantial as it pertained to sentence); Abrams, 50 M.J. 361 (substantial omission where military judge reviewed the military record of a key witness in camera, denying defense counsel’s motion to review the record himself, and failed to attach the evidence in question to the record); McCullah, 11 M.J. 234 (omitted letter of dishonor in a worthless cheek case used to prove mens rea amounted to a substantial omission); United States v. Seal, 38 M.J. 659 (A.C.M.R.1993) (omission of a videotape showing the accused flying during Desert Shield/Storm, which was admitted during the sentencing portion of the trial, was substantial).
However, when courts have found an omitted exhibit not in dispute or unimportant, these courts have further found the omission insubstantial. See Henry, 53 M.J. at 111 (missing exhibits were not substantial omission where they were part of a series of similar exhibits offered for the same eviden-tiary purpose); United States v. White 52 M.J. 713, 716 (Army Ct.Crim.App.2000) (missing defense videotape of car interior found insubstantial, because the interior of the car was portrayed in the record by other means); United States v. Johnson, 33 M.J. 1017, 1019 (A.C.M.R.1991) (missing flier, which was provided to the members, insubstantial given the military judge’s preliminary instructions, the stipulation of fact, counsel’s arguments, and the appellant’s un-sworn statement); United States v. Harper, 25 M.J. 895, 897-98 (A.C.M.R.1988) (missing accused’s personnel record insubstantial where it could be ascertained from military judge’s comments that he examined a letter of reprimand reflecting accused was no longer qualified for reenlistment); United States *572 v. Carmans, 9 M.J. 616, 621 (A.C.M.R.1980) (missing photographic exhibits of stolen property insubstantial, because there was no contest regarding identity of property); United States v. Henthorn, 58 M.J. 556, 559 (N.M.Ct.Crim.App.2003) (missing twenty-four pornographic photographs insubstantial where the record was replete with descriptions of the general nature of the omitted photographs); United States v. Burns, 46 C.M.R. 492, 494, 1972 WL 14426 (N.C.M.R.1972) (missing topographical chart showing location of victim’s body was insubstantial omission where its “importance to the outcome of the case is considered minimal”).
DISCUSSION
If the absence of appellant’s “Good Soldier Book” constitutes a substantial omission from the record, appellant may have suffered prejudice because the convening authority did not have an opportunity to review the contents of Defense Exhibit A as part of his clemency review. Further, appellant could be prejudiced if we as a court did not have an opportunity to review the exhibit as part of our consideration of appellant’s sentence pursuant to Article 66, UCMJ.[2] Abrams, 50 M.J. 361 (failure of military judge to seal and attach military records of government’s key witness, after denying defense request for their disclosure for impeachment purposes, made “proper appellate review impossible”).
We begin our analysis by first finding there is an omission from appellant’s record of trial, which did not cease to be an omission when a “substitute memorandum” was included in the record. A memorandum is typically insufficient to substitute for omitted material. See Seal, 38 M.J. at 661; United States v. Williams, 14 M.J. 796, 800-01 (A.F.C.M.R.1982).
Thus, our next task is to determine whether or not the omission of this particular exhibit is substantial. In this case, however, we cannot complete this preliminary step because we do not know what, specifically, is missing. While we are certain that appellant’s “Good Soldier Book” is missing, the contents of that book are not fully known. Though the test is clear, “a condition precedent to applying this test is the availability in the record of a sufficient description of the content of whatever matter has been omitted so as to enable this Court, or any other reviewing authority, to determine whether such matter could have materially prejudiced the substantial rights of the accused at trial.” Williams, 14 M.J. at 798. We cannot presume we know the contents of appellant’s specific “Good Soldier Book.” See Stoffer, 53 M.J. at 27. The government, thus far, has not described the contents of the missing exhibit in adequate detail. Therefore, our options are to affirm only the limited sentence for an incomplete record per R.C.M. 1103, order a sentence rehearing, or order a DuBay hearing to determine if the matter is substantial and to potentially reconstruct the omission.[3]
In considering our options, we cannot agree with the dissent that the appropriate remedy based on the current record is to approve a sentence excluding discharge or confinement in excess of six months. We are not dealing with whether appellant should or could have been found guilty due to a missing merits exhibit; instead we consider whether omission of a sentencing exhibit affected the sentence as it relates to the convening authority’s action and our review of appellant’s sentence. In light of the seriousness of appellant’s offenses, the substantial sentence he received, and the fact the omission in this case relates only to sentencing evidence rather than to appellant’s guilt, we conclude an *573 eleven and a half-year reduction in the sentence and disapproval of a punitive discharge is an extreme remedy insufficiently justified by the current record. The eases cited to by the dissent where this remedy was used are clearly distinguishable. The remedy in Stof-fer was predicated on judicial economy in light of appellant’s short sentence and comparatively long appellate delay. 53 M.J. at 28. The Seal ease did not employ the remedy of mandating a drastically reduced sentence; instead it remanded the case to the convening authority to complete the record, or, alternately accept the drastic remedy of a substantially reduced sentence. 38 M.J. at 663. In light of these considerations, we choose to return the case for a DuBay hearing. See Appendix.
The government may overcome the presumption of prejudice by producing a copy of the exhibit or carefully reconstructing the omitted portion of the record. United States v. Eichenlaub, 11 M.J. 239, 240-41 (C.M.A.1981); Lashley, 14 M.J. at 9; Seal, 38 M.J. at 662; United States v. Griffin, 17 M.J. 698, 699 (A.C.M.R.1983); United States v. Pearson, 6 M.J. 953, 954 (A.C.M.R.1979); United States v. Harrow, 62 M.J. 649, 655 (A.F.Ct.Crim.App.2006); Burns, 46 C.M.R. at 498. Defense counsel should provide input in such a reconstruction. United States v. DeWayne, 7 M.J. 755, 756-57 (A.C.M.R.1979). The government may likewise overcome a presumption of prejudice by demonstrating from additions to the record any missing portion of the exhibit was neither qualitatively nor quantitatively substantial. Lashley, 14 M.J. at 9. That will necessarily entail determining, in some detail, what was contained in the exhibit. A DuBay hearing will provide an appropriate forum for both sides to participate. It will also develop the record to facilitate our further review and ultimate determination of any appropriate remedy.
Ordering a DuBay hearing to determine if an omission is substantial, to determine if reconstruction is possible, and to facilitate any reconstruction is hardly unprecedented. See United States v. Charles, 40 M.J. 414, 419 (C.M.A.1994) (case remanded to Court of Military Review to “order affidavits from the military judge and trial counsel reconstructing the lost exhibit, if possible, and clarifying the ambiguity created by the judge’s memorandum for the record”); United States v. Church, 23 M.J. 870 (A.C.M.R.1987) (court ordered limited hearing to determine whether omitted sidebar conference dealt with substantial matters, and, if so, whether reconstruction of the discussion was necessary and practicable); Williams, 14 M.J. 796 (record returned for a DuBay so parties could attempt to reconstruct the missing exhibit rebutting evidence of the accused’s peaceful character in attempted murder trial); United States v. Kyle, 32 M.J. 724, 725 (A.F.C.M.R 1991) (DuBay permitting reconstruction of exhibit would be appropriate, but issue mooted when appellant’s guilty pleas found improvident); United States v. Widdowson, NMCCA 200700252, 2009 WL 855959 (N.M.Ct.Crim.App.31 Mar. 2009) (un-pub) (DuBay to reconstruct record where tape recording of appellant’s trial was completely blank was successful where post-Z^t-Bay, appellant failed to identify any missing, additional, or misstated elements of the final authenticated record of trial).
We find ourselves in a similar position to the courts in the above cited cases in which DuBay proceedings were ordered. We lack the factual predicate from which to determine the substance of the exhibit in question and whether the omission was, therefore, substantial or insubstantial. As a result we deem it appropriate to return the record of trial to the convening authority for a limited hearing pursuant to United States v. DuBay, 37 C.M.R. 411, 1967 WL 4276 (C.M.A.1967). The hearing will focus on the contents of the missing exhibit. The DuBay military judge will consider the OMPF and letters from appellant’s friends and family considered by the convening authority, as well as any other evidence gathered pursuant to the hearing.
The military judge at the hearing will make findings of fact and conclusions of law as appropriate. Thereafter, the record will be returned to this court for further review.
CONCLUSION
The record of trial is returned to the convening authority for action consistent with this decision.
*574 Senior Judge CONN, Senior Judge JOHNSON, Judge COOK,[4] and Judge BAIME concur.

. The "substitution memorandum” was written by the "Senior Court Reporter,” rather than the court reporter at appellant’s trial.

. The dissent suggests that appellant was also prejudiced because "the lack of a complete record 'transgress[es] a fundamental statutory right enjoyed by’ appellant,” (quoting and citing McCullah, 11 M.J. at 237). We do not believe McCullah stands for the proposition that any omission from a record is "fundamental.” Instead, we conclude that only those omissions which are both substantial and prejudicial transgress an appellant's rights under Article 54. Appellant may have been prejudiced for the reasons we detail; however, an omission from the record is not in and of itself prejudicial.

. We recognize an omission from the record may be tested for harmless error. Stoffer, 53 M.J. at 27. We believe it is in the interests of justice, however, to first return the case for additional fact finding as to the nature and content of the missing exhibit.