UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before the Court Sitting En Banc

 UNITED STATES, Appellee
 v.
 Staff Sergeant DANIEL GASKINS
 United States Army, Appellant

 ARMY 20080132

 Headquarters, United States Army Southern European Task Force
 Timothy Grammell and Gregg Marchessault, Military Judges
 Lieutenant Colonel Harrold J. McCracken, Staff Judge Advocate (pretrial)
 Colonel Harrold J. McCracken, Staff Judge Advocate (recommendation)
 Major Sean T. McGarry, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Major Peter Kageleiry, JA;
Lieutenant Colonel Jonathan Potter, JA; Captain Brent A. Goodwin, JA;
William E. Cassara, Esquire; (on writ); William E. Cassara, Esquire
(argued); Captain Elizabeth Turner, JA; William E. Cassara, Esquire (on
brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Christopher B.
Burgess, JA; Major Adam S. Kazin, JA (on writ); Captain Nicole L. Fish
(argued); Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L.
Foss, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish (on brief).

 10 February 2011

 ---------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 ---------------------------------------------------

HOFFMAN, Judge:

 A panel of officers and enlisted members sitting as a general court-
martial convicted appellant, contrary to his pleas, of carnal knowledge,
indecent acts with a child, and indecent assault, in violation of Articles
120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934
[hereinafter UCMJ]. The convening authority approved the adjudged sentence
of a dishonorable discharge, confinement for twelve years, forfeiture of
all pay and allowances, and reduction to the grade of Private E1.

 When the case came before us for review pursuant to Article 66, UCMJ,
appellant alleged, inter alia, a substantial omission from the record of
trial rendering it incomplete within the meaning of Article 54, UCMJ. We
ordered the record of trial to be returned to the convening authority for a
limited hearing to determine whether substantial matters were omitted from
the record and, if so, whether the record was therefore incomplete within
the meaning of Article 54, UCMJ.

 On 16 September 2010, appellant filed a petition for extraordinary
relief in the nature of a writ of prohibition. On 9 December 2010, our
superior court issued the writ, holding, “ordering a factfinding hearing
pursuant to United States v. DuBay, 17 U.C.M.A. 147, 37 C.M.R. 411 (1967),
to reconstruct Defense Exhibit A is inappropriate under the facts of this
case,” and remanded the case back to this court “for further consideration
of [our] other options in light of this action.” Gaskins v. Hoffman, __
M.J. __, Misc. No. 11-8004/AR (C.A.A.F. Dec. 9, 2010) (summary
disposition). We, therefore, grant relief by setting appellant’s sentence
aside and authorizing a sentence rehearing.

 The findings of guilty are affirmed. The sentence is set aside. A
rehearing on the sentence may be ordered by the same or a different
convening authority.

 Senior Judge CONN, Senior Judge JOHNSON, Judge GALLAGHER, Judge BAIME,
and Judge BURTON concur.

 SIMS, Judge, with whom TOZZI, Chief Judge, joins (concurring in part
and dissenting in part):

 I agree with the majority that the omission of Defense Exhibit A,
appellant’s “Good Soldier Book,” does not affect the findings in this case
and thus, I concur with the decision to affirm the findings. I also agree
that, at this juncture, the majority’s disposition in this case is not
contrary to our authority as a court. However, I respectfully dissent from
the remedy ordered by the majority and adhere to the legal reasoning
contained in Judge Ham’s original dissent. United States v. Gaskins, 69
M.J. 569, 574 (Army Ct. Crim. App. 2010) (Ham, J. dissenting).

 The government has had ample time to account for the lost exhibit in
this case and has failed to do so or make an adequate substitute. A
rehearing conducted without the benefit of appellant’s “Good Soldier Book”
denies appellant the ability to adequately present his sentencing case. As
the majority has already established, the missing exhibit in this case is a
substantial omission, and this omission cannot be remedied unless the
missing evidence is produced at a rehearing. This is not a case where a
witness can be recalled or an argument can be presented anew. Lost
exhibits like the one at issue here present a much more difficult omission
to remedy. Accordingly, unless appellant (1) expressly waives the issue at
the rehearing, (2) the government generously stipulates to the contents of
the lost exhibit, (3) the military judge imposes restraints on either the
maximum sentence or the government’s ability to present evidence in
aggravation,[1] or (4) appellant receives a nonverbatim record sentence,
this court likely will again be faced with the issue of the lost exhibit.

 For all of the reasons stated here and in Judge Ham’s dissenting
opinion, Gaskins, 69 M.J. at 574, I dissent from the remedy ordered by the
majority. The more appropriate remedy is approval of a nonverbatim record
sentence in accordance with Rule for Courts-Martial 1103(f)(1).

 GIFFORD, Judge (concurring in part and dissenting in part):

 For the reasons stated in Judge Ham’s dissenting opinion and set
forth below, I dissent from the majority’s decision to order a sentence
rehearing as remedy for the government’s loss of Defense Exhibit A—the
appellant’s “Good Soldier Book.” United States v. Gaskins, 69 M.J. 569,
574 (Army Ct. Crim. App. 2010) (Ham, J. dissenting). I reiterate that
based on the specific facts of this case, the more appropriate remedy is
approval of the sentence set forth in Rule for Courts-Martial [hereinafter
R.C.M.] 1103(b)(3)(f).

 The majority’s opinion does not state that it concluded the
government’s loss of Defense Exhibit A is a substantial omission from the
record of trial or that it created a presumption of prejudice which the
government had not overcome. See e.g., United States v. Henry, 53 M.J.
108, 110-11 (C.A.A.F. 2000) (citations omitted). By ordering a rehearing
on the facts presented, and after issuance of the writ of mandamus by our
superior court, however, such conclusions are the only rational and logical
ones to make of the majority’s action.

 Appellant’s court-martial ended on 8 February 2008. As noted in the
dissent to this court’s original decision regarding appellant’s case, “the
government conducted an exhaustive search for Defense Exhibit A in the
months preceding the convening authority’s action.” Gaskins, 69 M.J. at
574. On appeal pursuant to Article 66(c), UCMJ, the government made no
apparent effort to file additional documents with this court to account for
the missing exhibit or otherwise document its contents. Id. In fact, in
the record of trial, the government made statements to the effect that it
did not believe it would be able to locate the exhibit. To date, almost
three years after trial, Defense Exhibit A remains missing.†

 Rule for Courts-Martial 1103(b)(3)(f) delineates the two options
available when a record is incomplete. In brief form, these options are:
(1) approve a “non-verbatim” sentence (i.e., six months confinement or
forfeiture of 2/3 pay for six months); or (2) order a sentence rehearing on
those offenses supported by a summary of evidence in the file, subject to
certain limitations by the convening authority. See R.C.M.
1103(b)(3)(f)(1) and (2). Judge Ham’s dissent to this court’s original
opinion also noted other options gleaned from case law. See Gaskins, 69
M.J. at 586.

 The record reflects that at the time of trial, appellant had served
in both the U.S. Army and U.S. Marine Corps for a total of thirteen years,
had completed two combat tours, and was serving in the grade of staff
sergeant. Id. at 578. Defense Exhibit A was described by appellant’s
defense counsel as a “three-inch thick, three-ring binder” containing a
“compilation of [appellant’s] awards, certificates, letters of
commendation, and character letters from family and friends, as well as a
number of photographs.” Id. at 582. With the exception of the
photographs, appellant did not cite to any other portions of Defense
Exhibit A when giving his unsworn statement to the panel members. Defense
Exhibit A was appellant’s singular defense exhibit tendered during the pre-
sentencing phase. Although the defense presented four witnesses during
presentencing—two unit witnesses, appellant’s brother, and
appellant—Defense Exhibit A appears to be the primary source of evidence
upon which the defense predicated its sentencing case. Review of the
record reflects it is apparent that the defense sought to rely on Defense
Exhibit A to portray appellant’s career, background, and character to the
panel.

 The majority’s conclusion that a rehearing is an appropriate remedy
for the loss of appellant’s Good Soldier Book fails to recognize the post-
trial and appellate facts of this case. This court’s decision to order a
rehearing unfairly places the onus on appellant to present a sentencing
case. The record clearly reflects neither appellant nor, more importantly,
the government were able to locate a number (i.e., almost all) of
appellant's military documents regarding his military service. While
certain cases may be appropriate for a rehearing, based on the specific
facts of this case, this is not one.
 I agree with the majority that the omission of Defense Exhibit A,
appellant’s “Good Soldier Book,” does not affect the findings in this case
and, thus, concur that the findings are unaffected by the loss of Defense
Exhibit A.

 For the foregoing reasons, I dissent, however, from the majority’s
decision to order a sentence rehearing in appellant’s case.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] See United States v. Murphy, Misc. Dkt. No. 2007-03, slip op. at 17
(A.F. Ct. Crim. App. 22 December 2008) (unpub.) (holding that where defense
sentencing evidence in mitigation was unavailable due to government’s
conduct, the military judge did not abuse his discretion by limiting the
maximum sentence to no punishment).

† As noted in the majority opinion, the majority attempted to order a
DuBay hearing to have a military judge, in effect, identify the contents of
the lost exhibit and make
findings regarding whether the loss (if the exhibit was lost) was
substantial. United States v. DuBay, 17 U.C.M.A. 147, 37 C.M.R. 411
(1967); Gaskins, 69 M.J. at 573. Our superior court subsequently issued a
writ of mandamus prohibiting the DuBay hearing. Gaskins v. Hoffman, __
M.J. __, Misc. No. 11-8004/AR (C.A.A.F. Dec. 9, 2010) (summary
disposition).