# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting *En Banc*

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DANIEL H. GASKINS**
**United States Army, Appellant**

ARMY 20080132

Headquarters, United States Army Southern European Task Force
Timothy Grammell and Gregg Marchessault, Military Judges
Lieutenant Colonel Harrold J. McCracken, Staff Judge Advocate (pretrial)
Colonel Harrold J. McCracken, Staff Judge Advocate (recommendation)
Major Sean T. McGarry, Acting Staff Judge Advocate (addendum)

Headquarters, United States Army Fires Center of Excellence and Fort Sill
Kirsten V. Brunson, Military Judge
Colonel Jeffery D. Pedersen, Staff Judge Advocate (recommendation on rehearing)

For Appellant: William E. Cassara, Esquire (argued); Captain Elizabeth Turner, JA; William E. Cassara, Esquire (on original brief); Captain E. Patrick Gilman, JA; William E. Cassara, Esquire (on brief after rehearing)

For Appellee: Captain Nicole L. Fish, JA (argued); Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish, JA (on original brief); Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA (on brief after rehearing)

12 July 2012

--------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
--------------------------------------------------------------

SIMS, Senior Judge:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of carnal knowledge, indecent acts with a child, and indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of E1.

On 27 August 2010, this court sitting *En Banc* ordered that appellant's case be returned to The Judge Advocate General for a hearing pursuant to *United States v.*

*DuBay*, 17 U.S.C.M.A. 146, 37 C.M.R. 411 (1967). *United States v. Gaskins*, 69 M.J. 569, 573 (Army Ct. Crim. App. 2010). On 9 December 2010, our superior court, in granting appellant's petition in the nature of a writ of prohibition, concluded that a *DuBay* hearing would be "inappropriate under the facts of this case" and remanded the case "for further consideration of . . . their options." *Gaskins v. Hoffman*, 69 M.J. 452 (C.A.A.F. 2010).

Thereafter, this court, again sitting *En Banc,* affirmed the findings of guilty, set aside the sentence, and authorized a sentence rehearing by the same or a different convening authority. *United States v. Gaskins,* Army Dkt. 20080132 (10 February 2011). Appellant again filed a petition for extraordinary relief in the nature of a writ of prohibition with the Court of Appeals for the Armed Forces which was "denied without prejudice to raising the issue in the normal course of trial or appellate review." *Gaskins v. Hoffman*, 70 M.J. 207 (C.A.A.F. 2011).

On 18 October 2011, a sentence rehearing was held at Fort Sill, Oklahoma. A military judge sitting as a general court-martial sentenced appellant to a dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances, and reduction to the grade of E1. The convening authority approved the sentence as adjudged at the rehearing and the case is again before this court for review pursuant to Article 66, UCMJ.

We have considered the entire record and the submissions of the parties, to include the issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[*] Having previously affirmed the findings of

---

[*] Although not raised by appellant, we note that both the Specification of Charge II and the Specification of the Additional Charge fail to allege the terminal elements of a violation of Article 134, UCMJ. Accordingly, we reviewed this case in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). The Court of Appeals for the Armed Forces decided *United States v. Fosler* more than two months prior to the start of appellant's sentence rehearing. Although appellant made numerous motions at this rehearing, he never made a motion to dismiss for failure to state an offense or otherwise objected to the form of the charges on *Fosler* grounds. Appellant also made no mention of a *Fosler* issue in the eleven pages of matters submitted pursuant to Rule for Courts-Martial 1105 on 10 February 2012. Finally, appellant makes no mention of a *Fosler* issue in his pleadings before this court which were filed on 8 May 2012, nine months after the decision in *Fosler*. Because it was settled law at the time of appellant's rehearing that a failure to allege the terminal elements in an Article 134, UCMJ offense constitutes error, we conclude that appellant's failure to raise the issue constitutes a conscious waiver. *Humphries*, 71 M.J. at 212 (citing *United States v. Harcrow*, 66 M.J. 154, 156-58 (C.A.A.F. 2008)).

guilty, we now hold the sentence as approved by the convening authority to be correct in law and fact. Accordingly, both findings and sentence are AFFIRMED.

Chief Judge DARPINO, Senior Judge JOHNSON, Senior Judge KERN, Judge COOK, Judge GALLAGHER, Judge YOB, Judge ALDYKIEWICZ, Judge KRAUSS, and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court