# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant JEFFEREY M. FIORITO**
**United States Army, Appellant**

ARMY 20080535

United States Army Central Coalition Forces Land Component Command (trial)
Third Army (rehearing)
Edward J. O'Brien, Military Judge (trial)
Tiernan Dolan, Military Judge (rehearing)
Colonel Katherine Spaulding-Perkuchin, Staff Judge Advocate (trial)
Colonel Stephanie L. Stephens, Staff Judge Advocate (rehearing) (recommendation)
Colonel Walter S. Weedman, Staff Judge Advocate (rehearing) (addendum)

For Appellant: Captain Tiffany K. Dewell, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Bradley M. Voorhees, JA; Captain Tiffany K. Dewell, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain John L. Schriver, JA (on brief & reply brief following rehearing); Major Peter Kageleiry, Jr.

For Appellee: Captain Kevin F. Sweeney, JA (argued); Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha C. Foss, JA; Major Sara M. Root, JA; Captain Kevin F. Sweeney, JA (on brief); Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Maurer, JA (on brief following rehearing).

21 May 2013

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

Per Curiam:

On 3 March 2011, this court set aside the findings and sentence in this case and authorized a rehearing. *United States v. Fiorito*, ARMY 20080535, 2011 WL 779922 (Army Ct. Crim. App. 3 Mar. 2011) (mem. op.). At the rehearing, an officer panel convicted appellant, contrary to his pleas, of two specifications of failure to obey a lawful regulation and assault upon a commissioned officer, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928 (2006)

FIORITO—ARMY 20080535

[hereinafter UCMJ]. The convening authority approved the adjudged sentence to confinement for fourteen days, forfeiture of $4,000.00 pay and allowances per month for three months,[1] and a reprimand.[2]

On 12 September 2012, the record of trial was returned to this court for further review, but the record only includes a summarized transcript of the rehearing. On 14 March 2013, appellant moved this court to order the government to complete a verbatim transcript. The government responded, requesting that this court, in lieu of ordering a verbatim transcript, approve a lesser punishment. We initially denied appellant's motion for a verbatim transcript. Thereafter, appellant filed a brief arguing, "[t]his court cannot affirm a special court-martial sentence in this case unless it is first convinced that the summarized record of trial before the court supports the findings as correct in law and fact." Moreover, appellant argues, the record in its current state is "replete with error." In response, the government acknowledges that the record does not allow for addressing the substantive errors alleged in appellant's brief and requests, as an alternative, that this court return the case for completion of a verbatim transcript.

"[T]he record of trial shall include a verbatim transcript of all sessions except sessions closed for deliberations and voting when [a]ny part of the sentence adjudged exceeds six months confinement, *forfeiture of pay greater than two-thirds pay per month*, or any forfeiture of pay for more than six months. . . ." R.C.M. 1103(b)(2)(B) (emphasis added). UCMJ art. 54(c)(1)(A). Here, the adjudged forfeitures included allowances and are greater than two-thirds of appellant's pay per month, thereby triggering the requirement for a verbatim transcript. When faced with an incomplete record due to a summarized transcript, this court may, *inter alia*, order the government to complete a verbatim transcript, or simply approve a sentence not in excess of the limits of R.C.M. 1103(b)(2) and Article 54(c)(1), UCMJ. *See United States v. Gaskins*, 69 M.J. 569, 571 (Army Ct. Crim. App. 2010) (en banc). Under the unique facts of this case, we decline to apply the "pragmatic solution" of approving a lesser form of punishment. *United States v. Thompson*, 47 M.J. 134, 135 (A.C.M.R. 1973). Therefore, we agree with the parties and order the record to be returned for completion of a verbatim transcript.

---

[1] Appellant's pay at the time of trial, as indicated by the charge sheet, was $5,222.40 per month. "When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial . . . unless requested by the accused." Rule for Courts-Martial [hereinafter R.C.M.] 1107(d)(2) discussion. *See United States v. Warner*, 25 M.J. 64 (C.M.A. 1987).

[2] Appellant alleges and the government concedes that a portion of the reprimand refers to conduct of which appellant was acquitted and should be deleted from the reprimand.

## CONCLUSION

The action of the convening authority, dated 30 July 2012, is set aside. The record of trial is returned to The Judge Advocate General for the following to be accomplished by the same or a different convening authority: (1) completion of a verbatim transcript; (2) authentication of the record of trial in accordance with Article 54(a), UCMJ; (3) a new staff judge advocate recommendation (SJAR); (4) service of the SJAR and authenticated record; (5) processing of post-trial submissions, if any, in accordance with R.C.M. 1105 and 1106; (6) a new action in accordance with Article 60(c)–(e), UCMJ; and (7) return to this court for review pursuant to Article 66, UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court