# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PEDE, KERN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 TYRELL D. MACK**
**United States Army, Appellant**

ARMY 20120247

Headquarters, Fort Riley
Jeffrey R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate (advice)
Lieutenant Colonel John A. Hamner, Staff Judge Advocate (recommendation and addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Maurer, JA; Captain T. Campbell Warner, JA (on brief)

9 December 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of desertion and two specifications of wrongfully using marijuana in violation of Articles 85 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 912a  (2006) [hereinafter UCMJ].  The military judge sentenced appellant to one hundred seventy-eight days confinement and a bad-conduct discharge.  The convening authority approved the sentence as adjudged.

Appellant's case is now pending review before this court pursuant to Article 66, UMCJ.  Appellant's sole assignment of error alleges that his record of trial is not verbatim or complete and therefore, the convening authority erred in approving a sentence including a bad-conduct discharge.  Appellant contends that his record of trial is not verbatim or complete because it is missing all sixteen enclosures to Prosecution Exhibit 1, the stipulation of fact.

A complete record of trial shall be prepared in each special court-martial, which includes, *inter alia*, a bad-conduct discharge. UCMJ art 54(c)(1)(B). We review de novo questions of whether a record of trial is incomplete. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). When there is a missing exhibit, as in this case, the controlling question is whether the omission is substantial. *Id*. at 111. "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id*.

We decline the government's implied invitation to look to the unauthenticated allied documents to piece together the missing enclosures from the stipulation of fact and to evaluate those enclosures to determine the completeness of appellant's record of trial. A review of the enclosure list on page five of the stipulation of fact reveals that the omitted enclosures are merely reports and military forms attached as corroborative evidence of the offenses to which appellant pleaded guilty, offenses fully described by appellant during his providence inquiry and again in the narrative portion of the stipulation of fact. The only time the enclosures to the stipulation of fact were mentioned was during a standard colloquy by the military judge regarding stipulations of fact and their uses. During this colloquy, the military judge asked appellant if he reviewed the documents and whether he admitted that they were true and admissible, both of which appellant answered in the affirmative. The enclosures were not used or referenced during the appellant's plea colloquy with the military judge and were never mentioned by either party during sentencing argument.

With the stipulation of fact properly admitted and included in the authenticated record of trial, and no objection made to the enclosures at trial, we find those enclosures to be insubstantial omissions and appellant's assignment of error without merit.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

PEDE, Chief Judge, concurring:

I concur in the analysis and result reached by my brethren. I write separately to call attention to the system failures in the post-trial processing of this record of trial.[1] I call particular attention to the roles of those principally responsible for the

---

[1] *See generally United States v. Gaskins*, 69 M.J. 569, 588 n.28 (Army Ct. Crim. App. 2010) (Ham, J., dissenting), *writ granted, cause remanded* 69 M.J. 452

(continued . . .)

administration of justice. While the omissions in this record are insubstantial, thus warranting no relief, I am concerned that the omissions reflect a larger 'blocking and tackling' weakness among our practitioners. "Incidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll*, 40 M.J. 554, 557 n.8. (A.C.M.R. 1994).

This case is on the simple end of trial practice. It is a clean plea to absence and drug offenses with simple post-trial rudiments. The failures in this case took root in the tactical decision to include the now-missing documents as enclosures in the stipulation of fact.[2] Supervision of the trial process is elemental to our role as judge advocates. Whether any supervisor questioned the trial counsel about the prudence of including surplusage documents such as a Dep't of Army Form 4187, Personnel Action (Jan. 2000) as an enclosure to the stipulation of fact in an absence case with a 'plea to the sheet' is not, of course, reflected in the record of trial. I highlight this tactical call simply to emphasize that our trial practice produces appellate issues from many decision points. There are, indeed, many cases where attachments to a stipulation of fact are not only prudent, but necessary. The practice point here is to ensure a conscious cost-benefit evaluation takes place. Practitioners must be mindful of this – especially senior defense counsel and chiefs of justice who must engage their subordinate counsel energetically and appropriately throughout the trial process.

Secondly, the inclusion of admitted exhibits in a record of trial is 'military justice 101.' Most troubling, therefore, is that once admitted as enclosures to the

---

(. . . continued)
(C.A.A.F. 2010), *and aff'd in part, rev'd in part* 72 M.J. 225 (C.A.A.F. 2013) (noting previous warnings to "trial counsel and court reporters about their responsibilities with regard to administration of the trial record."); *see also United States v. Cook*, 46 M.J. 37, 40 (C.A.A.F. 1997) (noting the "vital supervisory role" that service courts play "in the administration of military justice . . .").

[2] We have previously noted that "[*United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)] and forty years of its progeny do not exist so that the parties in the military justice system can base a guilty plea on the government's attaching to the record the evidence it would use to prove the case if it was fully contested, or submitting evidence to demonstrate what it could prove in the absence of a plea. If that were the case, a 'stipulation of fact,' would be nothing but the enclosures, there would be no requirement that the military judge conduct a *Care* inquiry and personally address and question the accused, and both Article 45, UCMJ and [Rule for Courts-Martial] 910 would be rendered null." *United States v. Andersen*, ARMY 20080669, 2010 WL 3938363 (Army Ct. Crim. App. 10 Sep. 2010) (mem. op.)

stipulation of fact, it appears no one preserved them, nor ever noticed them missing from the record of trial. It is axiomatic that trial counsel are responsible for the production of the record. Rule for Courts-Martial 1103(b)(1), (c)(1). While not an absolution from responsibility, historically our system has tended to cede this function to the chief of justice. While both the trial counsel and the chief of justice failed to identify the missing enclosures, so apparently did the court reporter who took possession of the exhibits at trial. Even more perplexing is that the military judge authenticated the record without the enclosures. The judge's oversight was further compounded by the failure of the legal administrator, the deputy staff judge advocate and the staff judge advocate to identify the omission and fix it.

This causes one to ask: Who is reading the entire record of trial cover to cover? The 'rose' in military justice practice is traditionally pinned on the chief of justice. The lesson here is that our system demands more than a single point of failure or success. All practitioners, especially staff judge advocates, must ensure that the rights of an accused are not compromised, and that the interests of the government are protected. If the simple things in simple cases reflect inattention and lapses in proficiency, what does it say about the rest of our quite complicated practice of military justice? Those who administer our system of justice must redouble their efforts to ensure that systems are in place to avert the creation of preventable appellate issues and litigation such as those in the instant case.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court