# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RICHARD MARTINEZ, JR.**
**United States Army, Appellant**

ARMY 20110570

Headquarters, 10th Mountain Division
Michael J. Hargis, Military Judge
Lieutenant Colonel Olga M. Anderson, Acting Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (first recommendation and addendum)
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (second and third recommendation)
Colonel Steven C. Henricks, Staff Judge Advocate (third addendum)

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

17 December 2013

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

`

ALDYKIEWICZ, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, reduction to the grade of E-1, and confinement for fifteen months.  The convening authority approved only

so much of the sentence extending to a bad-conduct discharge, confinement for three hundred and twenty-nine days, and reduction to the grade E-1.[1]

The case is before the court for review under Article 66, UCMJ. Appellant raises two assignments of error: the record of trial is substantially incomplete thus requiring approval of a "nonverbatim record sentence" and "the dilatory post-trial processing of appellant's case warrants relief." Both assignments of error lack merit and warrant no relief.

Appellant's case is before this court for its third review. During this court's first review, the court was presented with two records, an original and a reconstructed record.[2] Neither record was a complete, properly authenticated record of trial, both suffering from deficiencies related to a trial conducted in Afghanistan with a military judge traveling throughout various theaters of operation, as well as the United States. Complicating matters further was the government's attempt to send original documents to the military judge using the military postal system and use the same system to reconstruct the record. Additionally, the staff judge advocate's addendum preceding the convening authority's initial action was ambiguous and potentially misleading.[3] As a result, on 5 March 2013, this court set

---

[1] Appellant's adjudged sentence was a bad-conduct discharge, confinement for fifteen months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority agreed to "[a]pprove no confinement in excess of twelve (12) months."

[2] Our initial review of appellant's case revealed the following omissions from appellant's authenticated record of trial, omissions noted by appellate defense counsel in his initial appellate pleading before this court: Def. Ex. A (appellant's "Good Soldier Book" containing his evaluations, awards, certificates, and other military records); Def. Ex. B (a letter from appellant to the military judge requesting clemency); Def. Ex. C (appellant's combat stress report); and Pros. Ex. 19 (a supplemental stipulation of fact). The court, in reviewing the records initially provided, that is, the "original" and "reconstructed" (i.e., authenticated) record, also noted the following issues: an apparent failure to incorporate errata changes; two varying copies of Pros. Ex. 1 (the stipulation of fact), one an unedited version and the other with apparent pen and ink changes made at time of trial; two varying copies of Pros. Ex. 15 (Dep't of Army, Form 4137, Evidence/Property Custody Document (Jul. 1976)); and the absence of any prosecution exhibits for identification that were not admitted into evidence.

[3] The staff judge advocate recommended approval of the adjudged sentence as modified by the pretrial agreement, limiting confinement to 12 months. The

(continued. . .)

aside the convening authority's action and directed assembly of a single complete, properly authenticated, and complete record of trial and a new staff judge advocate recommendation and action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ. *United States v. Martinez*, ARMY 20110570, 2013 WL 1092504 (Army Ct. Crim. App. 5 March 2013) (summ. disp.).

On 7 June 2013, this court received appellant's case for its second review. Unfortunately, the issues noted during this court's initial review went unaddressed and the court received a record of trial suffering from the same deficiencies noted during our first review. As a result, on 2 July 2013, we again set aside the convening authority's action and returned the record of trial to the convening authority to assemble a single, properly authenticated, and accurate record of trial. We also directed that "[t]he staff judge advocate recommendation and any addendum thereto [ ] clarify and resolve any ambiguity created by the multiple staff judge advocate recommendations and addenda thereto previously published in appellant's case, most notably the [ ] addendum recommending clemency while simultaneously recommending approval of the pretrial agreement term of confinement." Finally, we noted that our post-trial remand of the case "[afforded] the convening authority the opportunity to address appellant's allegation of dilatory post-trial processing." *United States v. Martinez*, ARMY 20110570 (Army Ct. Crim. App. 2 July 2013) (summ. disp. on further review).

We now have appellant's case before us for a third review. The record of trial deficiencies noted in both our 5 March 2013 and 2 July 2013 decisions have been addressed. On 15 July 2013, the presiding military judge authenticated the complete record of trial.[4] The staff judge advocate's recommendation to grant clemency for the delayed post-trial processing of appellant's case and the convening authority's grant of clemency, reducing appellant's period of confinement from the pretrial agreement period of 12 months to 329 days, moots any issue associated with the

---

(. . . continued)
addendum thereto recommended "some additional clemency to ameliorate any mistaken impression that the [appellant] has been prejudiced by delay." However, the addendum concludes by recommending approval of the sentence as limited by the pretrial agreement resulting in no clemency to appellant.

[4] The only noted deficiency remaining, and one not bearing on the completeness or verbatim nature of the record, is that the court reporter did not make every change suggested by counsel on their errata pages. All changes suggested by the military judge were made by him personally. The failure to incorporate all suggested errata changes by counsel, many of which were stylistic, punctuation/capitalization changes does not affect this decision.

previously ambiguous and potentially misleading recommendations and addenda thereto.

Article 54, UCMJ, requires a complete record of the proceedings and testimony for any general court-martial resulting in a punitive discharge, confinement over six months, or forfeiture of pay for a period more than six months. A complete record shall include "exhibits . . . or descriptions of any exhibits which were received in evidence . . . ." R.C.M. 1103(b)(2)(D)(v). The requirement for a complete record of trial to support a sentence which includes a punitive discharge or confinement exceeding six months cannot be waived. *United States v. Gaskins*, 69 M.J. 569, 571 (Army Ct. Crim. App. 2010) (en banc), *writ granted, cause remanded* 69 M.J. 452 (C.A.A.F. 2010), *and aff'd in part, rev'd in part* 72 M.J. 225 (C.A.A.F. 2013) (citations omitted). We review de novo questions of whether a record of trial is incomplete. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

While not a model of post-trial processing, the government, on its third attempt, compiled a complete, verbatim, and properly authenticated record of trial. It was this record that is referenced in the staff judge advocate's recommendation and relied upon by the convening authority prior to taking action in appellant's case. Therefore, appellant's claim for relief based on a "substantially incomplete" record of trial fails.

We next turn to appellant's allegation of dilatory post-trial processing. Considering the standards for post-trial processing set out by our higher court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) and their applicability when cases are remanded back to a convening authority by a court of criminal appeals, *United States v. Mackie*, 72 M.J. 135, 136 (C.A.A.F. 2013), we find no deprivation of appellant's due process rights. In reaching this conclusion, we necessarily find, *inter alia*, that: the post-trial processing from sentencing on 9 July 2011 until the first action in appellant's case on 27 March 2012, was in excess of *Moreno's* 120-day standard and thus facially unreasonable;[5] some of the delay is attributable to the record being lost in the mail and the government's attempt to reconstruct the record; appellant's initial post-trial matters did not raise the issue of post-trial delay, however, he did complain in his supplemental post-trial matters and in his pleadings before this court; and appellant suffered no prejudice from the delayed post-trial processing of his case.

---

[5] A review of the post-trial processing of appellant's case reveals no other periods in violation of those standards announced by *Moreno* and clarified by *Mackie*.

4

MARTINEZ—ARMY 20110570

Having found no violation of appellant's due process rights, we look to this court's authority under Article 66(c), UCMJ, to grant relief when there has been unreasonable post-trial delay absent any showing of prejudice. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). As previously noted, while not a model of post-trial processing, we conclude the post-trial delay in this case does not adversely affect the public's perception of the fairness and integrity of the military justice system. Considering the totality of the circumstances, to include the convening authority's sentence reduction to address the delayed post-trial processing of appellant's case, we find no additional relief is warranted.

In determining how much of appellant's sentence should be approved in light of post-trial delay, we note that appellant's expiration of term of service (ETS) date, as stipulated to in Pros. Ex. 1, and verified in Pros. Ex. 2, was 22 November 2011. As a result, appellant was in a no-pay due status from 23 November 2011 throughout the remainder of his confinement. Therefore, the convening authority's 25 September 2013 action, approving only 329 days of confinement, resulted in neither early release nor the return of forfeited monies, pursuant to Article 58(b), UCMJ, to appellant. Considering the automatic forfeiture provisions of Article 58(b), UCMJ, and appellant's ETS date, to provide any meaningful relief related for post-trial delay, this court would have to either reduce appellant's period of approved confinement to a period that would have ended on or before his ETS date (i.e., a reduction of an additional 193 or more days of confinement) or disapprove his punitive discharge. The post-trial processing of appellant's case does not warrant the extraordinary measure of reducing appellant's approved confinement to a date ending on or before his ETS date simply to reimburse appellant monies previously forfeited nor does it warrant disapproval of his punitive discharge. Recognizing that appellant received neither forfeited monies returned nor early release by the convening authority's sentence reduction, our decision to deny relief is unchanged. *Cf. United States v. Collins*, 44 M.J. 830, 833 (Army Ct. Crim. App.) ("Providing relief . . . that grants the appellant major windfall [] is neither required nor appropriate.").

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court