# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DANIEL H. GASKINS**
**United States Army, Appellant**

ARMY 20080132

United States Army Southern European Task Force (trial)
United States Army Fires Center of Excellence and Fort Sill (rehearing)
Timothy Grammell and Gregg Marchessault, Military Judges (trial)
Kirsten V. Brunson, Military Judge (rehearing)
Lieutenant Colonel Harrold J. McCracken, Staff Judge Advocate (pretrial)
Colonel Harrold J. McCracken, Staff Judge Advocate (recommendation)
Major Sean T. McGarry, Acting Staff Judge Advocate (addendum)
Colonel Jeffery D. Pederson, Staff Judge Advocate (recommendation on rehearing)

For Appellant: Captain E. Patrick Gilman, JA; William E. Cassara, Esquire (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA (on brief).

22 July 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of carnal knowledge, indecent acts with a child, and indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006) [hereinafter UCMJ].[1] The convening

---

[1] All three of appellant's crimes, "carnal knowledge" in violation of Article 120, UCMJ, "Indecent acts or liberties with a child" in violation of Article 134, UCMJ, and "Indecent assault" in violation of Article 134, UCMJ, occurred prior to

(continued . . .)

authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

On 27 August 2010, this court sitting en banc issued a decision ordering a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). *United States v. Gaskins*, 69 M.J. 569, 573 (Army Ct. Crim. App. 2010) (en banc). Appellant filed a writ of prohibition with the Court of Appeals for the Armed Forces (CAAF) and, before the *DuBay* hearing could be conducted, our superior court granted appellant's writ, holding that a *DuBay* hearing was inappropriate in this case. *Gaskins v. Hoffman*, 69 M.J. 452 (C.A.A.F. 2010) (summ. disp.). Thereafter, we again considered appellant's case en banc, this time affirming the findings but setting aside the sentence and returning the record of trial to The Judge Advocate General for remand to the same or a different convening authority for a rehearing on the sentence. *United States v. Gaskins*, ARMY 20080132, 2011 WL 498371 (Army Ct. Crim. App. 10 Feb. 2011) (en banc) (summ. disp.).

On 18 October 2011, a sentence rehearing was completed. A military judge sitting as a general court-martial sentenced appellant to a dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged at the rehearing.

On 12 July 2012, sitting en banc for the third time, this court issued a summary disposition affirming the sentence following the rehearing and again affirming the findings. *United States v. Gaskins*, ARMY 20080132, 2012 WL 2887988 (Army Ct. Crim. App. 12 July 2012) (en banc) (summ. disp.). In that decision, we noted that the specifications of both Charge II and The Additional Charge failed to allege the terminal elements of Article 134, UCMJ. However, we held that appellant waived his right to challenge the sufficiency of these Article 134, UCMJ, specifications by not raising this issue at the sentence rehearing.

Our superior court disagreed. On 23 May 2013, CAAF affirmed our decision as to Charge I, but reversed as to Charge II, and affirmed only so much of The

---

(. . . continued)
1 October 2007, the effective date of the amendment to the UCMJ and the Manual for Courts-Martial which deleted and replaced these offenses with those listed in the amended Article 120, UCMJ, 10 U.S.C. § 920 (2006 & Supp. I 2007). *See* National Defense Authorization Act for Fiscal Year 2006, Pub.L. No. 109-163, § 552, 119 Stat. 3136, 3256–63 (2006); *Manual for Courts-Martial, United States* (2005 ed.), pt. IV, ¶¶ 63, 87, *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007). Article 120, UCMJ, has since been amended again. *See* 10 U.S.C. § 920 (2012).

Additional Charge that extended to findings of guilty to the lesser-included offense of assault consummated by a battery. *United States v. Gaskins*, 72 M.J. 225, 236 (C.A.A.F. 2013). CAAF returned the record of trial to The Judge Advocate General of the Army for remand to this court for reassessment of the sentence in light of its action on the findings. *Id.* Consequently, appellant's case is once again before this court.

## LAW AND DISCUSSION

We must now consider the impact of our superior court's action on the findings and determine whether we can appropriately reassess appellant's sentence. In order to reassess a sentence at our level, we must be confident that, absent any error, "the sentence would have been at least of a certain magnitude." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). We are unable to reliably reassess a sentence in cases where there is a "dramatic change in the 'penalty landscape.'" *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). A reassessed sentence must be purged of prejudicial error. *Sales*, 22 M.J. at 307–08. In addition, because the error in this case is of a constitutional magnitude, we "must be satisfied beyond a reasonable doubt that reassessment cured the error." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *Sales*, 22 M.J. at 307). Finally, we must only affirm a sentence that is "appropriate," as required by Article 66(c), UCMJ.

In this case, the sentencing landscape has changed somewhat due to our superior court's dismissal of Charge I and affirmance of a lesser-included offense for The Additional Charge. However, the resultant decrease in the maximum sentence to confinement, from twenty-five years[2] to twenty years and six months, does not amount to a "dramatic change in the penalty landscape." After carefully considering the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we conclude that we can confidently reassess appellant's sentence without returning this case for another sentence rehearing.

---

[2] At appellant's original court-martial, the military judge ruled the indecent acts offense and the carnal knowledge offense were unreasonably multiplied and merged the offenses for the purpose of sentencing, calculating the maximum sentence to confinement to be twenty-five years. In his ruling, the military judge used the term "multiplicious for sentencing." We note this case was decided before *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2013), where our superior court clarified that "there is only one form of multiplicity . . . if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well." Consequently, we will consider the military judge's ruling as one finding an unreasonable multiplication of charges for sentencing. In an apparent recognition of this ruling, the military judge at appellant's sentence rehearing also calculated the maximum sentence to confinement to be twenty-five years.

Upon reassessment, we find a six-month reduction in appellant's sentence to confinement cures the error and is appropriate in this case. First, the facts underlying both of the charges set aside—the indecent acts charge (Charge II) and the indecent assault charge (The Additional Charge)—would still have been before the sentencing authority. The facts underlying the indecent acts charge were inexorably linked to appellant's crime of carnal knowledge; in fact, the indecent acts specification was merged with the carnal knowledge specification for sentencing. As for the indecent assault, our superior court affirmed the lesser-included offense of assault consummated by a battery, which would have allowed for presentation of the facts supporting the original indecent assault charge. Second, appellant remains convicted of carnal knowledge with a child under the age of sixteen years, the most egregious of his crimes. Finally, appellant chose to be sentenced at his rehearing by a military judge, which contributes to our certainty beyond a reasonable doubt that reduction of appellant's sentence to confinement by six months purges his case of prejudicial error. In light of the foregoing, we are certain that appellant would have received a sentence on the remaining charges of no less than a dishonorable discharge, confinement for eight years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. We find such a sentence is correct in law and fact and, based on the entire record, should be approved.

## CONCLUSION

Reassessing the sentence on the basis of the entire record, this court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for eight years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4